**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

---

STRAIGHT PATH IP GROUP, INC.

                        Plaintiff,

vs.                                          Case No. 1:13-cv-1366-LMB-TRJ

VONAGE HOLDINGS CORP.,
VONAGE AMERICA, INC., and
VONAGE MARKETING LLC,

                        Defendants.

---

**MEMORANDUM IN SUPPORT OF VONAGE'S MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ............................................................................................................2

     A.     Straight Path's Lack of Connections to this District ..................................................2

     B.     Vonage's Lack of Connections to this District .........................................................5

     C.     Lack of Connections Between the Asserted Patents and this District.......................6

III.    ARGUMENT...................................................................................................................8

     A.     Venue and Personal Jurisdiction Would Have Been Proper in the District of
New Jersey. ..............................................................................................................9

     B.     The Four Venue Factors Strongly Favor Transfer to the District of New Jersey. ....9

          1.    Factor 1:  Straight Path's Choice of This Forum Does Not Weigh Against
Transfer Because Its Connection Here Is "Negligible." ....................................9

          2.    Factor 2:  The District of New Jersey is a Far More Convenient Forum
for the Vast Majority of Relevant Witnesses...................................................11

          3.    Factor 3:  The District of New Jersey is Far More Convenient for
the Parties........................................................................................................12

          4.    Factor 4:  The Interest of Justice Favors Transfer to the District of New
Jersey...............................................................................................................13

IV.    CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Acterna, L.L.C. v. Adtech, Inc.*,
  129 F. Supp. 2d 936 (E.D. Va. 2001) ...................................................................................11

*Civix DDI, LLC v. Loopnet, Inc.*,
  No. 12-cv-00002, 2012 WL 3776688 (E.D. Va. Aug. 30, 2012) ...........................................10

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
  83 F. Supp. 2d 689 (E.D. Va. 2000) ....................................................................................13

*Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*,
  No. 08-cv-1246, 2009 WL 874513 (E.D. Va. Mar. 27, 2009)................................................12

*In re Acer America Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010)...............................................................................................8

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................12

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)..............................................................................................11

*Jaffee v. LSI Corp.*,
  874 F. Supp. 2d 499 (E.D. Va. 2012) ...................................................................................12

*Koh v. Microtek Int'l, Inc.*,
  250 F. Supp. 2d 627 (E.D. Va. 2003) .............................................................................10, 11

*NanoEnTek, Inc. v. Bio-Rad Labs.*,
  No. 11-cv-427, 2011 WL 6023189 (E.D. Va. Dec. 2, 2011)............................................10, 14

*Original Ceatine Patent Co. v. Met-Rx USA, Inc.*,
  387 F. Supp. 2d 564 (E.D. Va. 2005) .....................................................................................8

*Pragmatus AV, LLC v. Facebook, Inc.*,
  769 F. Supp. 2d 991 (E.D. Va. 2011) ........................................................................... passim

*Samsung Elecs. Co. v. Rambus, Inc.*,
  386 F. Supp. 2d 708 (E.D. Va. 2005) ...................................................................................11

*U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*,
  357 F. Supp. 2d 924 (E.D. Va. 2005) .....................................................................................8

**FEDERAL STATUTES**

28 U.S.C. § 1404 ................................................................................................................7, 8

Defendants (collectively, "Vonage") respectfully request the Court to transfer this case to the United States District Court for the District of New Jersey.

## I.     INTRODUCTION

Last year, Straight Path IP Group, Inc.'s ("Straight Path") predecessor—a non-practicing entity incorporated in Delaware, and originally headquartered in New Jersey—filed suit in this District alleging patent infringement by others.  In deciding a motion to transfer that case, this Court held that Straight Path's predecessor had "negligible" contacts with this District.  The Court rejected the company's claim to have a new "headquarters" in Arlington, Virginia, a location the Court described as a non-permanent, virtual office created in an attempt to manufacture venue.  Just a few months later, Straight Path's predecessor changed its name to Straight Path, spun off from its New Jersey based parent, and claimed that it was now "headquartered" in Glen Allen, Virginia.  Straight Path then sued Vonage for patent infringement in this District.

But just as before, there are no meaningful connections between this District and this case.  All of the parties are Delaware corporations that conduct the vast majority of their business in New Jersey:  (i) where Vonage is headquartered, employs nearly all of its employees, and keeps most of its documents, (ii) where Straight Path's predecessors maintained their headquarters and previously sued others for infringement of the asserted patents, and (iii) where Straight Path still maintains two offices today (for its three employees).  Indeed, the ***only*** purported connection between this case and this District is the "headquarters" that Straight Path claimed to open a few months ago in Glen Allen.  But that location is nothing more than a single room (within a law firm office) that has no mailbox, and that remains dark and unoccupied during business hours.  In other words, it is the same type of "non-permanent, virtual office" that this Court previously held was a "negligible" connection to this forum.

1

Under these circumstances, the Court should transfer this litigation to the District of New

Jersey—where all of the parties have a real, substantial, and ongoing presence, and where the

vast majority of relevant witnesses and documents are located.  Indeed, this Court has repeatedly

transferred cases—just like this one—where a plaintiff with no real connections to this District

has attempted to secure a spot on this Court's "rocket docket" solely by manipulating venue.  It

would be contrary to established law, and bad public policy, to diverge from that prudent and

well-established course here.

## II.   BACKGROUND

### A.   Straight Path's Lack of Connections to this District

Straight Path was previously known as Innovative Communications Technologies, Inc.

("ICTI").  (Decl. of Arthur W. Coviello in Support of Vonage's Mot. to Transfer ("Coviello

Decl."), Ex. 1 [Westlaw Report] at 2.)  ICTI was a Delaware corporation formed in 2011, and

was originally headquartered in Newark, New Jersey.  (*Id.*, Ex. 2 [ICTI Form 10] at 1.)  In

January 2012, ICTI filed suit in this District accusing three companies of infringing of the

patents-in-suit.  *See* Compl. (Dkt. 1), *Innovative Communications Technologies, Inc. v. Stalker

Software, Inc.*, No. 2-12-cv00009 (E.D. Va. Jan. 1, 2012); Compl. (Dkt. 1), *Innovative

Communications Technologies, Inc. v. Vivox, Inc.* No. 2-12-cv-00007 (E.D. Va. Jan. 1, 2012);

Compl. (Dkt. 1) *Innovative Communications Technologies, Inc. v. ooVoo, LLC*, No. 2-12-cv-

00008 (E.D. Va. Jan. 1, 2012).  When those defendants later filed a motion to transfer, ICTI

opposed that motion based, in part, on a claim that it had recently relocated its headquarters from

New Jersey to Arlington, Virginia.  (Coviello Decl., Ex. 3 [10/2/12 Order] at 6.)  In October

2012, this Court issued an Order in which it:  (i) cast ICTI's new "headquarters" as a non-

permanent virtual office; (ii) found that ICTI's presence in this District was, at best, "tenuous"

and "negligible"; and (iii) held that ICTI's choice of this forum was entitled to "little or no weight" in a transfer analysis.  (*Id.*, Ex. 3 [10/2/12 Order] at 7-8.)[1]

In May 2013, ICTI changed its name to Straight Path.  (*Id.*, Ex. 1 [Westlaw Report] at 2.) Straight Path is Delaware corporation, and the majority of its shares are owned by Straight Path Communications ("SPC"), a Delaware holding company.  (Dkt. 1 [Compl.] ¶ 1; Coviello Decl., Ex. 4 [Straight Path 10-K] at 1.)  Until July 2013, Straight Path and SPC were subsidiaries of IDT Corporation ("IDT"), a Delaware corporation headquartered in Newark, New Jersey. (Coviello Decl., Ex. 4 [Straight Path 10-K] at 1, 16.)  IDT continues to provide multiple business support services for Straight Path, including "information and technology, human resources, payroll, tax, accounts payable, purchasing, treasury, financial systems, investor relations, legal, corporate accounting, internal audit, and facilities." (*Id.,* Ex. 4 [Straight Path 10-K] at 17).

Just like its predecessor ICTI, Straight Path is a non-practicing entity whose only business is suing companies for infringement of patents that it acquired from other companies. (*Id.*, Ex. 4 [Straight Path 10-K] at 6; *id.* at 16-18 (explaining that Straight Path and its predecessor have sued over 18 different defendants in the last two years).)  And just like its predecessor, Straight Path continues to maintain what appear to be its primary offices in New Jersey: one in Englewood Cliffs and the other in Newark (i.e., the headquarters of IDT, the company that spun-off Straight Path in July 2013).  (*Id.* at 16, 24.)

---

[1]     In that case, the defendants did not file their transfer motions until roughly seven months after ICTI filed its complaint, after the parties had fully-briefed *Markman* issues, and just ten days before the scheduled *Markman* hearing.  The Court denied the motion to transfer, but granted the defendants leave to renew their motion after the *Markman* hearing.  (*Id.* at 2.)  Both defendants renewed their motions to transfer after the hearing, but the cases settled  shortly thereafter, before the Court had the opportunity to rule.  Renewed Transfer Mot. (Dkt. 47), *Innovative Communications Technologies, Inc. v. Vivox, Inc.*, No. 12-cv-00007 (E.D. Va.  Oct. 16, 2012); Renewed Transfer Mot. (Dkt. 44), *Innovative Communications Technologies, Inc. v. Stalker Software, Inc.*, No. 12-cv-00009 (E.D. Va. Oct. 17, 2012).

In its complaint, Straight Path claims that its headquarters are located in Glen Allen, Virginia.  (Dkt. 1 [Compl.] ¶ 1.)  But as shown below, Vonage investigated that location and determined that Straight Path's new "headquarters" is just a single empty room:



(Decl. of Lanta Chase in Support of Vonage's Mot. to Transfer ("Chase Decl.") ¶ 6, *id.*, Ex. A (photos taken from public hallway on November 26, 2013).)  The small room that makes up Straight Path's "headquarters"—which Straight Path pays a mere $800 per month to rent— remains unlit and empty during business hours, and unlike the other suites in the building, has no separate mailbox.  (*Id.*, ¶¶ 2-4; Coviello Decl., Ex. 2-4 [Straight Path 10-K] at 16.)  In fact, Straight Path's supposed "headquarters" appears to exist ***within*** Suite 202, which belongs to the law firm of Cantor and Cantor.  (Chase Decl. ¶ 5.)

Straight Path has announced that it only has three employees.  (Coviello Decl., Ex. 4 [Straight Path 10-K] at 8 ("Straight Path IP Group currently has 3 employees.").)  Its Chief Executive Officer, Davidi Jonas—who is the son of IDT Corporation's former CEO and current Chairman of the Board—appears to reside in the New York City area.  (*Id.*, Ex. 5[Straight Path Website] (CEO identifying himself as "the Rabbi of Kingsbridge Center of Israel in the Bronx, New York"); *Id.*, Ex. 6 [IDT 8-K] at 2.)  And Straight Path's Chief Financial Officer, Jonathan

Rand, also appears to live in New Jersey.  To date, Vonage has been unable to confirm the identity of the third Straight Path employee.

### B.    Vonage's Lack of Connections to this District

All three Vonage defendants are Delaware corporations headquartered in Holmdel, New Jersey.  (Decl. of Mike Mayernik in Support of Vonage's Mot. to Transfer ("Mayernik Decl.") ¶ 5.)  Vonage provides telephone services to millions of customers throughout the United States using an internet-based technology called Voice over Internet Protocol ("VoIP")—which Vonage designs, develops, markets, and sells from its New Jersey headquarters.  (*Id.* ¶ 6.)[2]  The vast majority of Vonage's employees, including nearly all of its executives and engineers, work at Vonage's headquarters in Holmdel, New Jersey.  (*Id.* ¶ 9.)  Based on Vonage's understanding of Straight Path's allegations, Vonage expects the following employees to have knowledge relevant to this case, all of whom work at Vonage's offices in Holmdel, New Jersey:

| Name | Title | Relevance |
|---|---|---|
| Graham McGonigal[3] | Senior Vice President Network Operations | Design and Operation of Accused Products/Services |
| Nirav J. Kadakia | Network Architect | Design and Operation of Accused Products/Services |
| Boaz Zehavi | Director of Software Development for Mobile | Design and Operation of Accused Products/Services |
| Paul Walker | Vice President of Sales | Marketing of Accused Products/Services |
| Craig Wert | Vice President Financial Planning & Analysis | Financial Information Regarding Accused Products/Services |

---

[2]    Vonage began developing its VoIP technology in 2001, and has since invested millions of dollars and thousands of engineer hours to further develop its proprietary VoIP technology. (Mayernik Decl. ¶ 7.)

[3]    Mr. McGonigal regularly commutes to Vonage's New Jersey headquarters from Georgia.

(*Id.* ¶¶ 10-14.) In addition, Vonage expects that Baruch Sterman, Vice President of Technology Research, who is located in Tel Aviv, Israel, will have knowledge relevant to the design and operation of accused products and services. (*Id.* ¶ 15.)

Straight Path has not identified (and cannot identify) any Vonage employees with relevant knowledge who work in this District—because Vonage does not have any offices, stores, laboratories, or manufacturing facilities in Virginia. (*Id.* ¶ 16.) Nor has Straight Path identified any relevant Vonage documents that are located in or near Virginia. That is because Vonage maintains nearly all of its documents at its headquarters in New Jersey, including documents relating to the design, operation, marketing, and sale of its accused VoIP products and services. (*Id.* ¶ 19.)[4]

### C. Lack of Connections Between the Asserted Patents and this District

Straight Path accuses Vonage of infringing four patents: U.S. Patent No. 6,131,121 ("the '121 patent"), U.S. Patent No. 6,009,469 ("the '469 patent"), U.S. Patent No. 6,513,066 ("the '066 patent"), and U.S. Patent No. 6,701,365 ("the '365 patent"). The three named inventors— Glenn D. Hutton, Shane D. Mattaway, and Craig B. Strickland—all lived in Florida when they filed the applications for those patents, and all appear to still reside in Florida today. (Dkt. 1-1 [Compl. Ex. A]; Dkt. 1-3 [Compl. Ex. C]; Dkt. 1-5 [Compl. Ex. E]; Dkt. No. 1-7 [Compl. Ex. G]; *Id.,* Ex. 7 [ICTI Initial Disclosures] at 2 (Straight Path's predecessor ICTI stating its belief in August 2012, that the named inventors still resided in Florida).)

---

[4]     Vonage's only "property" in Virginia is a rented "data center" in Ashburn—one of five data centers located around the world that are involved in routing VoIP calls on the Vonage network. (Mayernik Decl. ¶ 17.) The data center is part of a third-party facility and is also used as back up storage for Vonage's servers in New Jersey. (*Id.*) Vonage has one permanent employee in Virginia. (*Id.* ¶ 18.) The employee's duties in Virginia are maintaining Vonage network and server equipment and running cable to support Vonage equipment installs. (*Id.*)

Straight Path and its predecessors also have had no genuine connection to Virginia, beyond litigation—but have strong ties to New Jersey.  For example, from 2005 to 2012, the several entities that owned the patents-in-suit (including ICTI) were all headquartered in New Jersey (with the exception of ICTI's purported "virtual" headquarters in Arlington, Virginia, and Straight Path's recently announced, but unoccupied, "headquarters" in Glen Allen, Virginia).  (*Id.*, Ex. 8 ['469 Patent Assignment]; Chase Decl. ¶ 2-6.)  And in 2006, a prior owner of the asserted patents, Net2Phone, Inc., filed a complaint alleging infringement of the asserted patents *in the District of New Jersey*—where it was headquartered.  (Coviello Decl., Ex. 9 [Net2Phone Third Am. Compl.] at 2).  In that case, Net2Phone litigated the asserted patents in New Jersey *for over four years*, creating over 400 docket entries, complete claim construction briefing, and a 400-page Final Pretrial Conference Order.  (*Id.*, Ex. 10 [Docket Report].)

Straight Path's negligible connection to this forum is further highlighted by the fact that Straight Path filed a complaint against multiple defendants in the Eastern District of Texas on August 23, 2013.  (Coviello Decl., Ex. 4 [Straight Path 10-K] at 18.)  That lawsuit involved two of the patents asserted here:  the '469 patent and the '121 patent.  (*Id.*)  Similarly, on August 1, 2013, Straight Path filed another complaint alleging infringement of the same two patents in the United States International Trade Commission.  (*Id.*, Ex. 4 [Straight Path 10-K]at 17.)  Straight Path has thus shown its willingness to litigate these patents in multiple other fora.

In sum, the parties are all Delaware corporations that conduct the vast majority of their business in New Jersey, where nearly all of the witnesses and documents relevant to this case are located.  By contrast, Straight Path has not identified a single relevant company, witness, or document with any meaningful connection to this District.

## III.    ARGUMENT

Under 28 U.S.C. § 1404, a district court may transfer a case to "any other district or division where it might have been brought" if transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  In the Fourth Circuit, courts apply a two-part test to assess whether transfer is warranted under Section 1404.  First, the Court must determine that "venue and personal jurisdiction would have been proper in the transferee forum."  *See U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 930 (E.D. Va. 2005).  Second, if that first prong is met, the Court then must weigh the following four factors to determine whether transfer is warranted to the transferee forum:  (i) the plaintiff's choice of forum; (ii) convenience of the witnesses; (iii) convenience of the parties; and (iv) interests of justice.  *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994-95 (E.D. Va. 2011); *see also In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (Federal Circuit assessing "the convenience of the parties and witnesses, the sources of proof, the local interest, and the compulsory process" in ordering transfer).[5]

As detailed below, application of that two-part test to this case overwhelmingly favors transfer to the District of New Jersey, where all of the parties have offices and conduct business, and where the vast majority of relevant witnesses and documents are located.  Straight Path cannot avoid that result by claiming to have moved its "headquarters" to a small, single-room office (within a law firm) in Glen Allen, Virginia, that remains unoccupied during business hours.  As this Court has already found, that type of sham "non-permanent, virtual office"

---

[5]    Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *See Original Ceatine Patent Co. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005) (internal citation omitted).

provides a "negligible" connection to this District that should be afforded "little or no weight" in a transfer analysis.

**A.**     **Venue and Personal Jurisdiction Would Have Been Proper in the District of New Jersey.**

The first prong of the transfer inquiry is satisfied here because personal jurisdiction and venue would have existed (and still exist) in the District of New Jersey—because all three Vonage defendants are headquartered in Holmdel, New Jersey, and indisputably have a "regular and established place of business" in that District. *Pragmatus*, 769 F. Supp. 2d at 994 (holding that a corporation is subject to personal jurisdiction and venue in the district where its headquarters are located and where it has "regular" and "established" offices). Accordingly, this action could have been brought in the District of New Jersey.

**B.**     **The Four Venue Factors Strongly Favor Transfer to the District of New Jersey.**

As discussed below, transfer is warranted because each of the four venue factors confirm that the District of New Jersey is the proper and most convenient forum for this litigation.

**1.**     **Factor 1:  Straight Path's Choice of This Forum Does Not Weigh Against Transfer Because Its Connection Here Is "Negligible."**

Near the end of last year, this Court expressly found that the decision of Straight Path's predecessor (ICTI) to file litigation in this forum was entitled to "little or no weight" in a transfer analysis—even though ICTI claimed to have recently moved its headquarters to Arlington, Virginia.  (Coviello Decl., Ex. 3[10/2/12 Order] at 5-8.)  The Court expressly found that ICTI's purported headquarters at most established a "tenuous" and "negligible" connection between ICTI, the patents-in-suit, and this District.  (*Id.*)

The ***same*** result should apply here.  Straight Path is effectively ICTI, with a new name. And Straight Path's new purported "headquarters" in Glen Allen, Virginia consists entirely of a

single room (rented for $800 per month) that lacks its own mailbox, is not occupied during

business hours, and seems to exist within the offices of a law firm.  This Court has repeatedly

made clear that this type of "sham" litigation-driven presence is legally insufficient to establish

venue in this Court's "rocket docket":

> [T]he only connection between the Eastern District of Virginia and
> this plaintiff is that Pragmatus was formed in Alexandria a week
> before it acquired the patent portfolio and five months before it
> filed this lawsuit.  Although plaintiff's choice of forum weighs
> against transfer, this factor will be given minimal weight in light of
> the weak connection between the plaintiff and the Eastern District
> of Virginia.

*Pragmatus*, 769 F. Supp. 2d at 995; *see also Civix DDI, LLC v. Loopnet, Inc.*, No. 12-cv-00002,

2012 WL 3776688, at *3-4 (E.D. Va. Aug. 30, 2012) (giving plaintiff's choice of this District

little weight where the plaintiff was a non-practicing entity that had no manufacturing facilities,

operations, offices, or employees in the District, except a home owned by its principal); *Koh v.

Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003) (explaining that where a plaintiff

selects a forum with "little connection" to the dispute, the forum choice "weigh[s] in favor of

transfer to a venue with more substantial contacts").[6]

Like its predecessor ICTI, and the plaintiffs in *Pragmatus* and *Civix*, Straight Path is a

non-practicing entity with no genuine ties to this District.  Accordingly, Straight Path's decision

to bring suit in this District should be given "little or no weight" due to the "negligible"

connection between Straight Path and the Eastern District of Virginia.  *See Pragmatus*, 769 F.

Supp. 2d at 995.  By contrast, as discussed below, the real and ongoing connections that both

---

[6]     Vonage's sales of the accused services in Virginia do not support venue in this forum
because none of the allegedly infringing products or services were developed or produced here.
*See NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 11-cv-427, 2011 WL 6023189, at *3 (E.D. Va. Dec.
2, 2011) ("Mere sales and marketing activity does not entitle [Plaintiffs'] choice of forum to
substantial weight when none of the infringing products were developed or produced in this
District.").

Straight Path and Vonage have to New Jersey weigh strongly in favor of transferring this case to

the District of New Jersey.

> **2.      Factor 2:  The District of New Jersey is a Far More Convenient Forum for the Vast Majority of Relevant Witnesses.**

Vonage is not aware of a single relevant witness that resides or works in this District—

nor has Straight Path identified one.  Rather, virtually all of Vonage's employees are located in

New Jersey, and Straight Path's two known employees (its CEO and CFO) appear to reside in

New Jersey and the New York City area (i.e., close to Straight Path's two offices in New Jersey).

The inconvenience and cost that these witnesses would be forced to endure to travel to this

District, solely for purpose of this litigation, is of "considerable importance" and alone is

potentially "dispositive" in favor of transfer to New Jersey.  *See Koh*, 250 F. Supp. 2d at 636

("Witness convenience is often dispositive in transfer decisions." (citation omitted)); *JTH Tax,*

*Inc. v. Callahan*, No. 12-cv-691, 2013 WL 3035279, at *2 (E.D. Va. June 6, 2013) ("The

convenience of the witnesses is of considerable importance in determining whether a transfer of

venue is appropriate under Section 1404(a)." (citation omitted)); *Pragmatus*, 769 F. Supp. 2d at

996 (transferring to district where numerous potential witnesses were located when no significant

witnesses were located in this District); *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939

(E.D. Va. 2001) (noting witness convenience favors transfer where transferee forum is center of

the allegedly infringing activity); *see also In re Microsoft Corp.*, 630 F.3d 1361, 1363-64 (Fed.

Cir. 2011) (holding transfer warranted when defendant identified significant number of witnesses

in the transferee venue, and no knowledgeable witnesses resided in plaintiff's chosen forum).[7]

---

[7]      At present, the only known potential third-party witnesses are the three named inventors of the asserted patents, all of whom appear to reside in Florida.  (Dkt. 1-1 [Compl. Ex. A]; Dkt. No. 1-3 [Compl. Ex. C];  Dkt. 1-5 [Compl. Ex. E]; Dkt. 1-7 [Compl. Ex. G]; *Id.,* Ex. 7 [ICTI Initial Disclosures] at 2. )

3.     **Factor 3: The District of New Jersey is Far More Convenient for the Parties.**

Without question, the District of New Jersey is a far more convenient forum for Vonage than the Eastern District of Virginia. As noted above, the vast majority of Vonage's employees, including nearly all of its executives and engineers, work at Vonage's Holmdel, New Jersey headquarters (Mayernik Decl. ¶ 9)—just 38 miles when driving. (Coviello Decl., Ex. 11 [Google Maps].) Requiring Vonage's employees to travel to this District from Vonage's headquarters (more than 211 miles when driving) would require costly and lengthy travel that would significantly disrupt their normal work activities. (*Id.*) This too weighs in favor of transfer to New Jersey. *See Pragmatus*, 769 F. Supp. 2d at 995-96 (concluding that transfer would be far more convenient for the parties and their employees because most of the defendants had their headquarters, and most of their witnesses and documents, in the transferee district).

Moreover, the majority of Vonage's relevant documents are located in New Jersey. (Mayernik Decl. ¶ 19.) This also weighs in favor of transfer to New Jersey. *See Jaffe v. LSI Corp.*, 874 F. Supp. 2d 499, 504-05 (E.D. Va. 2012) (holding that the location of the accused infringer's documents supported transfer because most of the relevant evidence comes from the accused infringer); *see also In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (holding that maintaining the action in the Eastern District of Texas would "impose a significant and unnecessary burden on the petitioners to transport documents that would not be incurred if the case were to proceed in the [transferee forum]").[8]

---

[8]     Vonage has backup servers for some of its email files in Virginia, but these electronic files are equally accessible from Vonage's headquarters in New Jersey, and thus are not significant to the transfer analysis. *Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*, No. 08-cv-1246, 2009 WL 874513, *3 (E.D. Va. Mar. 27, 2009) ("When documents can be transported [or] easily photocopied, their location is entitled to little weight." (citation omitted)).

The District of New Jersey also appears to be more convenient even for Straight Path: (i) whose predecessors claimed Newark, New Jersey as their headquarters for many years until 2012; (ii) which, even today, continues to maintain offices in Newark and Englewood, New Jersey; (iii) which has only three employees, including one who appears to reside in New Jersey and one who appears to reside in the New York City area; and (iv) which continues to receive its business support services from New Jersey-based IDT (its former parent corporation), including "information and technology, human resources, payroll, tax, accounts payable, purchasing, treasury, financial systems, investor relations, legal, corporate accounting, internal audit, and facilities."  (Coviello Decl., Ex.4 [Straight Path's 10-K] at F-17.)  In fact, when asserting the patents-in-suit in 2006, the subsidiary of IDT that then-owned the patents (Net2Phone) chose the **District of New Jersey** as its forum.  (*Id.*, Ex. 9 [Net2Phone Third Am. Compl.] at 2.)  In light of that decision and its ongoing connections to New Jersey, Straight Path can hardly claim that the District of New Jersey is an improper or inconvenient location to litigate the same patents.

> **4.    Factor 4:  The Interest of Justice Favors Transfer to the District of New Jersey.**

The final factor requires this Court to consider the interest of justice, which weighs in favor of transfer to the District of New Jersey for four reasons.

**First**, Straight Path appears to have selected this District solely in an attempt to leverage this Court's fast-paced docket (presumably with hopes of forcing Vonage to settle early).  This Court has consistently found that similar attempts to forum shop are *against* the interest of justice, and weigh in favor of transferring the case to a jurisdiction with real contacts to the case. *See Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000) ("This Court cannot stand as a willing repository for cases which have no real nexus to this district.  The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this

attraction does not dull the ability of the Court to continue to act in an expeditious manner."
(citation omitted)); *Pragmatus*, 769 F. Supp. 2d at 997 (warning that "[l]eft unchecked, allowing
lawsuits with such a minimal connection to the district to go forward here would result in docket
overloads, unfairly slowing the cases for parties with genuine connections to this district.").

   ***Second***, as noted above, both parties have a strong connection to New Jersey.  Straight
Path and Vonage both maintain offices in New Jersey (including Vonage's headquarters and the
headquarters of Straight Path's former parent, IDT, where Straight Path still has an office).
Vonage also has nearly nine hundred employees in New Jersey, including most of its likely
witnesses.  And Straight Path's CFO (i.e., at least one of Straight Path's three employees) lives in
New Jersey.  Therefore, the District of New Jersey has a strong interest in handling this lawsuit.
*See*, *e.g.*, *NanoEnTek*, 2011 WL 6023189, at *7 ("It is true that the citizens of this District have
no special interest in the outcome of this case.  No manufacturing occurred here, and to the
extent any infringement occurred through product sales, this District is certainly not unique.  In
contrast, should it be held liable for infringement, [Defendant] would likely need to alter its
manufacturing process and products, and could suffer economic harm that would presumably
affect its employees in the [transferee forum].  At a more basic level, the [transferee forum] is the
defendant's home forum.  Thus, this factor supports transfer to that district.").

   ***Third***, Straight Path cannot manufacture an "interest" for this District to protect merely
by claiming to have moved its "headquarters" from a "virtual" space in Arlington, Virginia
(under the ICTI name), to an unoccupied room within a law firm in Glen Allen, Virginia (under
the Straight Path name).  Nor can it claim that a protectable interest exists simply because this
Court has not transferred other cases that Straight Path recently filed in this jurisdiction asserting
the same patents.  Four of those cases have been stayed—with Straight Path's ***consent***—pending

14

the outcome of a related action still pending before the United States International Trade

Commission.  Order (Dkt. 45), *Straight Path IP Group, Inc. v. Vizio, Inc.*, No. 13-cv-934 (E.D.

Va. Nov. 19, 2013).  And the other Straight Path cases pending in this District involve only two

of the four asserted patents in this case, and involve parties (some with real connections to this

District) who ***never*** sought transfer to another jurisdiction.  Compl. (Dkt. 1), *Straight Path IP*

*Group, Inc. v. Bandwidth.com, Inc.*, No. 13-cv-932 (E.D. Va. Aug. 1, 2013); Compl. (Dkt. 1),

*Straight Path IP Group, Inc. v. Vocalocity, Inc.*, No. 13-cv-504 (E.D. Va. Aug. 2, 2013);  Compl.

(Dkt. 1), *Straight Path IP Group, Inc. v. Telesphere Networks Ltd.*, No. 13-cv-937 (E.D. Va.

Aug. 1, 2013).  Those cases are now on a schedule many months ahead of this case.  Order (Dkt.

No. 26), *Straight Path IP Group, Inc. v. Bandwidth.com, Inc.*, 13-cv-932 (E.D. Va. Oct. 17,

2013).

> ***Finally***, Straight Path and its predecessors have demonstrated their willingness to litigate

these patents in fora across the country outside of Virginia.  Straight Path is currently asserting

two of the patents in this case against multiple defendants in both the Eastern District of Texas

and the United States International Trade Commission.  (Coviello Decl., Ex.4 [Straight Path 10-

K] at 17-18.)  And as discussed above, all four asserted patents were part of the 2006 action that

Net2Phone ***litigated in New Jersey for over four years***.

> At bottom, Straight Path's claims against Vonage—which indisputably have no genuine

connection to the Eastern District of Virginia—do not belong in this jurisdiction, and instead

should be transferred to the District of New Jersey.

## IV.   CONCLUSION

> For the reasons explained above, Vonage respectfully requests that the Court transfer this

case to the District of New Jersey.

Respectfully submitted,

Dated: December 20, 2013

*/s/  Craig C. Reilly*
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile:  (703) 549-2604
*Counsel for Defendants Vonage Holdings Corp.,*
*Vonage America, Inc., and Vonage Marketing LLC*


Of Counsel:

Michael J. Summersgill
michael.summersgill@wilmerhale.com
Richard W. O'Neill
richard.o'neill@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State St.
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Grant K. Rowan
grant.rowan@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Counsel  for Defendants Vonage Holdings Corp.,*
*Vonage America, Inc., and Vonage Marketing LLC*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the December 20, 2013, a true and correct copy of the

foregoing pleading orpaper was electronically filed with the Clerk of Court using the CM/ECF

system, which will then send a notification of such electronic filing to the following:


Gregory N. Stillman
Hunton & Williams LLP
500 East Main St., Suite 1000
Norfolk, VA 23510

Sona Rewari
Hunton & Williams LLP
1751 Pinnacle Dr., Suite 1700
McLean, VA 22102

Attorneys for Plaintiff Straight
Path IP Group, Inc.


/s/  Craig C. Reilly
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-2604
*Counsel for Defendants Vonage Holdings
Corporation, Vonage America, Inc., and
Vonage Marketing LLC*