# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

---

STRAIGHT PATH IP GROUP, INC.

                Plaintiff,

vs.                                           Case No. 1:13-cv-1366-LMB-TRJ

VONAGE HOLDINGS CORP.,
VONAGE AMERICA, INC., and
VONAGE MARKETING LLC,

                Defendants.

---

**MEMORANDUM IN SUPPORT OF VONAGE'S MOTION TO DISMISS
CLAIMS OF INDUCED AND CONTRIBUTORY INFRINGEMENT**

## I.      INTRODUCTION

Defendants Vonage Holdings Corp., Vonage America, Inc., and Vonage Marketing LLC (collectively, "Vonage") respectfully request that the Court dismiss Plaintiff Straight Path IP Group, Inc.'s ("Straight Path") claims of induced and contributory infringement for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

*First*, to state a valid claim for induced infringement, a patentee must plead specific facts showing that:  (i) the accused infringer knew about the asserted patent before the complaint was filed; (ii) the accused infringer knowingly induced a third party to perform specific acts; (iii) the accused infringer specifically intended for the induced third-party acts to infringe the patent; and (iv) as a result of the accused infringer's inducement, the third party directly infringed the patent. Here, however, Straight Path's claims for inducement rest *entirely* on the cursory allegation that "Vonage is selling, offering to sell, and using VoIP products and/or services . . . [and] is further providing calling plans and support . . . to customers to induce its customers to infringe . . . when using Vonage's VoIP products for their normal purpose."  This barebones assertion—which is devoid of any allegation concerning when and how Vonage first received notice of the asserted patents, or any of the other required elements of an inducement claim—is legally insufficient, and thus requires dismissal of Straight Path's induced infringement claims.

*Second*, the law is equally clear that, to state a viable claim for contributory infringement, Straight Path must allege and provide specific facts showing that:  (i) Vonage knew of each asserted patent before the filing of the complaint; (ii) Vonage knew that the accused products have "no substantial non-infringing uses"; (iii) Vonage knew that the accused products were "especially made or especially adapted" to infringe the asserted patents; and (iv) one or more third parties used the accused products to directly infringe the patents.  Again, Straight Path's complaint does not address any of these four elements, and instead merely alleges that "Vonage

is selling, offering to sell, and using VoIP products and/or services . . . [and] is further providing calling plans and support . . . to customers to . . . contribute to its customers [sic] infringement when using Vonage's VoIP products for their normal purpose." These unsupported and conclusory allegations render Straight Path's contributory infringement claims subject to dismissal as well.

The pleading rules are designed both to ensure that a patentee has a sufficient factual basis for its allegations and to put the defendant on reasonable notice of those allegations. Straight Path's boilerplate allegations do neither. Accordingly, Vonage respectfully requests that the Court dismiss Straight Path's claims for induced and contributory infringement.

## II.    FACTUAL BACKGROUND

On November 4, 2013, Straight Path filed its complaint in this action alleging that Vonage infringes four patents. (Dkt. No. 1 [Compl.] ¶ 10.) Straight Path's complaint does not contain any allegation that Vonage had pre-suit notice of any asserted patent.

Straight Path alleges that Vonage has directly infringed the four asserted patents based on Vonage's Voice over Internet Protocol ("VoIP") "products and/or services." (*Id.* ¶¶ 22, 27, 32, 37.) Straight Path also alleges that Vonage has indirectly infringed each of the asserted patents by inducing infringement and contributing to infringement by others—based entirely on the following cursory statement:

> In particular, Defendant Vonage is selling, offering to sell, and using VoIP products and/or services. *See* http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013). Defendant Vonage is further providing calling plans and support (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers [sic] infringement when using Vonage's VoIP products for their normal purpose.

(*Id.* ¶¶ 22, 27, 32, 37.)  Straight Path's complaint does not contain any allegations directed to when or how Vonage first obtained knowledge of the asserted patents, or any of the other required elements of an inducement or contributory infringement claim.

## III.   ARGUMENT

To state a viable claim for relief, a plaintiff must allege sufficient factual support in its complaint for each element of its asserted claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).  The Supreme Court has explained that the purpose of this pleading standard is two-fold:  (i) to show that the plaintiff has some basis for its allegations; and (ii) to put the defendant on "fair notice" of the facts at issue.  *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555 (explaining that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

The Supreme Court has further explained that, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "A complaint survives a Fed. R. Civ. P. 12(b)(6) motion to dismiss only if the alleged facts . . . 'are sufficient to raise a right to relief above the speculative level.'"  *Farooq v. AmeriGas Propane, Inc.,* 13-cv-711, 2013 WL 3894165, at *2 (E.D. Va. July 25, 2013) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see also Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.

2002) ("Dismissal of a complaint for failure to state facts supporting each of the elements of a claim is, of course, proper.").

Straight Path's conclusory allegations of induced and contributory infringement do not come close to meeting these pleading standards.  These claims should therefore be dismissed. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (in affirming dismissal of indirect infringement claims, observing that "the pleading requirements set forth in [*Twombly* and *Iqbal*] apply to such claims").

### A.     Straight Path's Induced Infringement Claims Should Be Dismissed.

To state a viable claim for induced infringement, Straight Path must plead for each asserted patent that:  (i) Vonage knew of the patent; (ii) Vonage knowingly induced a third party to perform specific acts; (iii) Vonage specifically intended for the induced third-party acts to infringe the patent; and (iv) as a result of Vonage's supposed inducement, the third party directly infringed the patent.  *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (holding inducement requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [a] motion to dismiss [an induced infringement claim] . . . complaints must contain facts plausibly showing that [the alleged inducer] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement."); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir.

2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement.").[1]

Straight Path has not met—and cannot meet—this pleading standard for any element of its inducement claims.

As an initial matter, Straight Path fails to allege specific facts showing that Vonage knew of the patents-in-suit before the filing of the complaint in this action.  Straight Path's failure to plead supporting facts for this necessary element is, by itself, fatal to its inducement claims.  *See IpVenture Inc. v. Lenovo Grp. Ltd.*, No. 11-cv-588, 2013 WL 126276, at *2 (D. Del. Jan. 8, 2013) (dismissing indirect infringement allegations with prejudice because "the factual support alleged does not contain any allegation directly supporting knowledge, and the indirect support is, at best, tenuous."); *see also Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (dismissing indirect infringement allegations because "Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the '434 Patent at the time they were committing the allegedly infringing activities . . . .  Nor does [the complaint] contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge."); *Bascom Research LLC v. Facebook, Inc.*, No. 12-cv-6293, 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013) (dismissing inducement claim because "there are no facts alleging whether, when or how defendants became aware of the patents-in-suit").

---

[1]      The Supreme Court and Federal Circuit have both held that the intent requirement of an inducement claim requires proof of *specific intent* to cause a third party to infringe.  *See Global-Tech. Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement.").

Moreover, Straight Path's claims of induced infringement fail for multiple additional independent reasons.

**First**, to support its inducement claims, Straight Path must allege facts showing that Vonage **knowingly** induced a third party to perform specific infringing acts.  But such allegations are missing from Straight Path's complaint—which merely states that "Vonage is further providing calling plans and support . . . to customers to induce its customers to infringe . . . when using Vonage's VoIP products for their normal purpose."  (Ex. 1 [Compl.] ¶¶ 22, 27, 32, 37.)  The absence of such allegations requires the dismissal of Straight Path's inducement claims.  *See Global-Tech*, 131 S. Ct. at 2068 ("[I]nduced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement."); *see also Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of inducement claim in part because "Superior does not allege any facts to support a reasonable inference that Thor . . . knew it had induced acts that constitute infringement."); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1365-67 (Fed. Cir. 2013) (vacating jury verdict of induced infringement because "recklessness" and "negligence" are insufficient to sustain an inducement claim).

**Second**, Straight Path has failed to even allege (let alone cite any supporting facts showing) that Vonage specifically intended to induce third parties to infringe any of the asserted patents.  Given Straight Path's failure to plead any allegations or facts concerning Vonage's supposed state of mind, Straight Path's inducement claims must be dismissed.  *See Iqbal*, 556 U.S. at 683 (dismissing complaint because it did "not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind"); *see also Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of inducement claim in part because "Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of

the '231 Patent . . . ."); *Wright Mfg. Inc. v. Toro Co.*, No. 11-cv-1373, 2011 WL 6211172, at *3 (D. Md. Dec. 13, 2011) (dismissing induced infringement claims because "Wright's intent and knowledge allegations are merely conclusory"—allegations such as "a broad statement that '[the defendant] has known of'" the patent fail to satisfy the requirement of *Iqbal* and *Twombly* that the plaintiff "include factual allegations sufficient to create a plausible claim of intent and knowledge"); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 13-cv-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (dismissing inducement claims premised in part on the allegation that "Defendant 'has the specific intent to encourage its customers and suppliers to infringe the '538 patent directly by (among other things) intentionally encouraging and/or aiding its customers and suppliers to use [Defendant's] SCMS software'" because "Plaintiff must allege 'more than just an intent to cause the acts that produce direct infringement.'") (quoting *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008)); *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12-cv-4249, 2012 WL 5966593, at *2 (N.D. Ill. Nov. 28, 2012) (dismissing inducement claim where the complaint "fail[ed] to state any factual allegations of specific intent").

   **Third**, Straight Path did not plead any facts showing how the unidentified third party users of the accused "products and/or services" allegedly infringe any of the asserted patents. Rather, Straight Path's allegations of induced infringement merely parrot the statutory language for an inducement claim, without providing any specific details concerning how third parties have supposedly infringed.  This is insufficient.  *See EnLink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-cv-3524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (dismissing inducement claims where the "complaint merely repeats the exact language from the statute without adding any factual allegations"); *see also Air Vent, Inc. v. Owens*

*Corning Corp.*, No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing

inducement claims where "the Complaint includes a single, vague, conclusory averment that

infringement would occur by purchasers and users of Owens Corning's VentSure Product [but]

does not aver any facts as to why or how such purchasers or users would be direct infringers.");

*Execware, LLC v. Staples, Inc.*, No. 11-cv-836, 2012 WL 6138340, at *3 (D. Del. Dec. 10, 2012)

report and recommendation adopted, No. 11-cv-836, 2013 WL 171906 (D. Del. Jan. 16, 2013)

(dismissing indirect infringement claims because "[n]owhere in the amended complaint does

Execware allege that Staples' customers actually used the accused software, or that Staples

caused its customers to directly infringe the '139 patent."); *Realtime Data v. Morgan Stanley*,

721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (dismissing inducement allegation because the

complaint's "generalities . . . fail[] to inform Defendants as to how they must defend against

charges of indirect infringement").

    Accordingly, Straight Path's claims of induced infringement should be dismissed.

    **B.      Straight Path's Contributory Infringement Claims Should Be Dismissed.**

    A claim for contributory infringement requires proof that:  (i) the accused infringer knew

of each asserted patent before the filing of the complaint; (ii) the accused infringer knew that the

accused products have "no substantial non-infringing uses"; (iii) the accused infringer knew that

the accused products were "especially made or especially adapted" to infringe the asserted

patents; and (iv) a third party used the accused products to directly infringe the patent.  *See In re*

*Bill of Lading*, 681 F.3d at 1337 ("Contributory infringement occurs if a party sells or offers to

sell, a material or apparatus for use in practicing a patented process, and that 'material or

apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is

known by the party 'to be especially made or especially adapted for use in an infringement of

such patent.'" (quoting 35 U.S.C. § 271(c)); *Dynacore*, 363 F.3d at 1272 ("Indirect infringement,

whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement.").

To survive a motion to dismiss, Straight Path's complaint must include allegations (and supporting facts) directed to all four of these required elements. *In re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."); *Hand Held Prods., Inc. v. Amazon.com, Inc.*, No. 12-cv-768, 2013 WL 507149, at *3 (D. Del. Feb. 6, 2013) ("A plaintiff, therefore, must aver an alleged infringer . . . knew of the patented invention [and] knew the part was made for, or adapted to use, in a patented invention, and … has no substantial noninfringing use."). Yet, Straight Path has utterly failed to provide the required factual allegations to support its contributory infringement claims.

*First*, Straight Path's complaint does not allege (or identify any facts showing) that Vonage had knowledge of the asserted patents at the time of the alleged infringement. This failure is fatal to Straight Path's contributory infringement allegations just as it is to Straight Path's inducement claims. *See IpVenture*, 2013 WL 126276, at *2 (dismissing indirect infringement allegations with prejudice because "the factual support alleged does not contain any allegation directly supporting knowledge, and the indirect support is, at best, tenuous."); *see also Mallinckrodt*, 670 F. Supp.2d at 354 (dismissing indirect infringement allegations because "Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the '434 Patent at the time they were committing the allegedly infringing activities . . . . Nor does [the complaint] contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge.").

**Second**, Straight Path's contributory infringement claims are based ***entirely*** on the conclusory statement that "Defendant Vonage is selling, offering to sell, and using VoIP products and/or services . . . [and] is further providing calling plans and support . . . to customers to . . . contribute to its customers [sic] infringement when using Vonage's VoIP products for their normal purpose."  (Dkt. No. 1 [Compl.] ¶¶ 22, 27, 32, 37.)  Notably, Straight Path does not even assert—let alone allege any specific supporting facts—that the accused systems and services "constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use."  *See Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of contributory infringement claims in part because "Superior does not allege that the accused products are '. . . not a staple article or commodity of commerce suitable for substantial noninfringing use' as required by 35 U.S.C. § 271(c)."); *see also Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing claim for contributory infringement because "[t]he allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts").

**Third**, Straight Path also does not assert (or allege any specific supporting facts showing) that Vonage knew that a component it supplied was "especially made or especially adapted" for infringement.  This also is not surprising given that Straight Path has not pled any facts showing that Vonage even knew about the patents-in-suit—let alone whether any component was especially made to infringe them.  *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 695 F. Supp.2d 680, 688 (S.D. Ohio 2010) (dismissing contributory infringement claim where plaintiff failed to allege that defendant "knew its product was especially designed for use to infringe"); *see also Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of

contributory infringement allegations in part because "Superior does not allege that the accused products are 'especially made or especially adapted for use in an infringement . . .' as required by 35 U.S.C. § 271(c)."); *Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 681 (D. Del. 2013) (same).

*Fourth*, as with its induced infringement claims, Straight Path fails to identify any specific third party infringement to which Vonage allegedly contributed, and fails to plead any facts showing how the unidentified third parties allegedly infringe any of the asserted patents. *See Wright Mfg.*, 2011 WL 6211172, at *4 (dismissing contributory infringement claims supported only by "highly generalized statements" that "parrot[] the required elements of a § 271(c) action without providing any factual setting"); *see also Air Vent*, 2011 WL 2601043, at *6 (dismissing contributory infringement claims because "Plaintiff's averment that contributory infringement of the '574 Patent would occur by purchasers and users of Owens Corning's VentSure Product are not sufficient to state a plausible claim.  The Court finds that there are simply no factual averments to explain or support why such purchasers or users would be direct infringers.").

Accordingly, because Straight Path has failed to satisfy the pleading requirements for any element of its contributory infringement claims, those claims should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Vonage respectfully requests that the Court dismiss Straight Path's claims of induced and contributory infringement with prejudice.

Respectfully submitted,

Dated: December 30, 2013

*/s/  Craig C. Reilly*
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile:  (703) 549-2604

*Of Counsel*:

Michael J. Summersgill
michael.summersgill@wilmerhale.com
Richard W. O'Neill
richard.o'neill@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Grant K. Rowan
grant.rowan@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Counsel  for Defendants Vonage Holdings Corp.,*
*Vonage America, Inc., and Vonage Marketing LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the December 30, 2013, a true and correct copy of the

foregoing pleading or paper was electronically filed with the Clerk of Court using the CM/ECF

system, which will then send a notification of such electronic filing to the following:

Gregory N. Stillman
Hunton & Williams LLP
500 East Main St., Suite 1000
Norfolk, VA 23510

Sona Rewari
Hunton & Williams LLP
1751 Pinnacle Dr., Suite 1700
McLean, VA 22102

*Attorneys for Plaintiff Straight
Path IP Group, Inc.*

/s/  Craig C. Reilly
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone:  (703) 549-5354
Facsimile:   (703) 549-2604

*Counsel for Defendants Vonage Holdings
Corporation, Vonage America, Inc., and
Vonage Marketing LLC*