**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

---

STRAIGHT PATH IP GROUP, INC.

                           Plaintiff,

vs.                                              Case No. 1:13-cv-1366-LMB-TRJ

VONAGE HOLDINGS CORP.,
VONAGE AMERICA, INC., and
VONAGE MARKETING LLC,

                           Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS VONAGE HOLDINGS CORP.,**
**VONAGE AMERICA, INC., AND VONAGE MARKETING LLC**

Defendants Vonage Holdings Corp., Vonage America, Inc., and Vonage Marketing LLC

(collectively, "Vonage") answer the allegations in Plaintiff Straight Path IP Group, Inc.'s

("SPIPG") Complaint as follows:

**ANSWER**

*1.     Plaintiff SPIPG is a Delaware corporation, with its principal place of business at 5300 Hickory Park Drive, Suite 218, Glen Allen, VA 23059.*

        1.     Vonage is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1of the Complaint, and therefore denies them.

*2.     Defendant Vonage Holdings Corporation is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, NJ 07733.*

        2.     Vonage admits the allegations of paragraph 2 of the Complaint.

*3.     Defendant Vonage America, Inc. is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, NJ 07733.*

3. Vonage admits the allegations of paragraph 3 of the Complaint.

*4.   Defendant Vonage Marketing LLC is a Delaware limited liability company with its principal place of business at 23 Main Street, Holmdel, NJ 07733.*

4. Vonage admits the allegations of paragraph 4 of the Complaint.

*5.   On information and belief, Defendant Vonage designs, develops, manufactures, and/or sells voice over internet protocol ("VoIP") products and/or services in the United States including Virginia.  For example, Defendant Vonage sells products and services via its website http://www.vonage.com/ and engages in national advertising regarding its products and services in a variety of mediums including television advertisement.*

5. Vonage admits that it designs and develops Voice over Internet Protocol ("VoIP")

products and services in the United States, that it sells VoIP products and services in the United

States, and that it advertises its products and services nationally in a variety of media, including

on the website www.vonage.com.

*6.   Since at least May 14, 2003, Vonage has provided VoIP products and services to residents of Norfolk, Virginia.  See http://files.shareholder.com/downloads/VAGE/2703584094x0x38381/7e52bccd-55132003_5_14_Announcements.pdf (last visited Oct. 31, 2013).  Since at least November 11, 2003 Vonage has provided products and services to residents of Richmond, Virginia.  See, e.g., http://files.shareholder.com/downloads/VAGE/2703577391x0x38104/8496ab4d-c2ce-44eb-8dd0-6a3ab3b90dfWG_News_2003J 1_I 1 Announcements.pdf (last visited Oct- 31, 2013).*

6. Vonage admits that it has offered VoIP products and services to residents of the

United States, including residents of Norfolk, Virginia since at least May 14, 2003 and to

residents of Richmond, Virginia since at least November 11, 2003.  To the extent Paragraph 6 of

the Complaint may be read to contain any other allegations, Vonage denies them.

## JURISDICTION AND VENUE

*7.   This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 et seq. and seeks damages and injunctive relief as provided in 35 U.S.C §§ 281, 283-285.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).*

7.      Vonage is not required to answer the allegations in paragraph 7 of the Complaint because they purport to set forth legal conclusions.  Vonage admits that the Complaint purports to set forth a cause of action for patent infringement arising under the patent laws of the United States, and that this Court has subject matter jurisdiction over such causes of action.  Vonage denies the remaining allegations in paragraph 7 of the Complaint.

8.      *Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).*

8.      Vonage is not required to answer the allegations in paragraph 8 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the allegations in paragraph 8 of the Complaint.

9.      *This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.*

9.      Vonage is not required to answer the allegations in paragraph 9 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the allegations in paragraph 9 of the Complaint.

## THE PATENTS-IN-SUIT

10.     *SPIPG is the assignee of United States Patent Nos. 6,009,469; 6,131,121; 6,513,066; and 6,701,365 (collectively, the "Asserted Patents").*

10.     Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11.     *The Asserted Patents were previously litigated in Net2Phone, Inc. v. eBay, Inc., et al, Civil Action No. 06-2469 (D.N.J.) ("Prior Litigation").*

11.     Vonage admits the allegations of paragraph 11 of the Complaint.

12.     *In 2009, Skype, Inc. ("Skype"), one of the defendants in the Prior Litigation, requested that certain claims of the Asserted Patents be reexamined by the United States Patent and Trademark Office.*

12.      Vonage is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

*13.      During reexamination, the Examiner considered over one thousand cited references.*

13.       Vonage is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

*14.      During reexamination, the Examiner also considered Skype's submissions, including its brief in support of its request for ex parte reexamination, a supporting declaration, claim charts, its comments on Net2Phone's validity expert's opinions, and the parties' claim construction briefing from the prior litigation.*

14.      Vonage is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

*15.      The Examiner confirmed the validity of numerous claims of the Asserted Patents, many without any amendments, over all of the cited references and over all of Skype's submissions.*

15.      Vonage is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

*16.      One or all of the Asserted Patents were previously litigated in Innovative Communications Technologies, Inc. v. Stalker Software Inc., Civil Action No. 2:12-cv-00009 (E.D. Va.), Innovative Communications Technologies, Inc. v. Vivox Inc., Civil Action No. 2:12-cv-00007 (E.D. Va.), and Innovative Communications Technologies, Inc. v. ooVoo LLC, Civil Action No. 2:12-cv-00008 (E.D. Va.).*

16.      Vonage admits that two of the asserted patents in this case—U.S. Patent Nos.

6,513,066 and 6,701,365—were asserted against the defendant in *Innovative Communications*

*Technologies, Inc. v. Stalker Software Inc.*, Civil Action No. 2:12-cv-00009 (E.D. Va.).  Vonage

admits that three of the asserted patents in this case—namely, U.S. Patent Nos. 6,513,066,

6,701,365, and 6,009,469—were asserted against the defendant in *Innovative Communications*

*Technologies, Inc. v. ooVoo LLC*, Civil Action No. 2:12-cv-00008 (E.D. Va.).  Vonage admits

that all of the asserted patents in this case were asserted against the defendant in *Innovative*

*Communications Technologies, Inc. v. Vivox Inc.*, Civil Action No. 2:12-cv-00007 (E.D. Va.).

Vonage is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 16 of the Complaint, and therefore denies them.

*17.     One or all of the Asserted Patents are currently being litigated in Straight Path IP
Group, Inc. v. Bandwidth.com, Inc., et al., Civil Action No. 1:13-CV-932 (E.D. Va.).*

17.     Vonage admits that two of the asserted patents in this case—U.S. Patent Nos.

6,513,066 and 6,701,365—were asserted against the defendants in *Straight Path IP Group, Inc.*

*v. Bandwidth.com, Inc., et al.*, Civil Action No. 1:13-cv-932 (E.D. Va.).  Vonage is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 17 of the Complaint, and therefore denies them.

## COUNT I

*INFRINGEMENT OF U.S. PATENT NO. 6,009,469*

*18.     SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.*

18.     Vonage restates and incorporates by reference its responses to the allegations of

paragraphs 1 through 17 of the Complaint as though fully set forth herein.

*19.     On December 28, 1999, United States Patent No. 6,009,469 ("the '469 Patent"), entitled
"GRAPHIC USER INTERFACE FOR INTERNET TELEPHONY APPLICATION" (Exhibit A),
duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '469 Patent,
including the right to sue for past infringement.*

19.     Vonage admits that U.S. Patent No. 6,009,469 is entitled "Graphic User Interface

for Internet Telephony Application" and issued on December 28, 1999.  Vonage admits that

Exhibit A to the Complaint purports to be a copy of the '469 patent.  Vonage is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 19 of the Complaint, and therefore denies them.

*20.     On May 10, 2011, an Ex Parte Reexamination Certificate (Exhibit B) duly and legally
issued for the '469 Patent.*

20.     Vonage admits that Exhibit B to the Complaint purports to be a copy of an Ex Parte Reexamination Certificate for the '469 patent issued on May 10, 2011.  Vonage denies the remaining allegations of paragraph 20 of the Complaint.

*21.     The claims of the '469 Patent are valid and enforceable.*

21.     Vonage denies the allegations in paragraph 21 of the Complaint.

*22.     Defendant Vonage has infringed and is infringing at least claim 5 of the '469 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  See http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001 W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (see related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose.  Defendant Vonage has done so without authority and therefore has infringed the '469 Patent as set forth in 35 U.S.C. § 271.*

22.     Vonage admits that it is selling, offering to sell, and using VoIP products and/or services.  Vonage is not required to answer the remaining allegations in paragraph 22 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the remaining allegations in paragraph 22 of the Complaint.  In addition, Vonage states that SPIPG's allegations fail to state a claim upon which relief may be granted.

### COUNT II

*INFRINGEMENT OF U.S. PATENT NO. 6,131,121*

*23.     SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.*

23.     Vonage restates and incorporates by reference its responses to the allegations of paragraphs 1 through 22 of the Complaint as though fully set forth herein.

*24.     On October 10, 2000, United States Patent No. 6,131,121 ("the '121 Patent"), entitled "POINT-TO-POINT COMPUTER NETWORK COMMUNICATION UTILITY UTILIZING DYNAMICALLY ASSIGNED NETWORK PROTOCOL ADDRESSES" (Exhibit C), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '121 Patent, including the right to sue for past infringement.*

24.     Vonage admits that U.S. Patent No. 6,131,121 is entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses" and issued on October 10, 2000.  Vonage admits that Exhibit C to the Complaint purports to be a copy of the '121 patent.  Vonage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint, and therefore denies them.

25.     *On December 14, 2010, an Ex Parte Reexamination Certificate (Exhibit D) duly and legally issued for the '121 Patent.*

25.     Vonage admits that Exhibit D to the Complaint purports to be a copy of an Ex Parte Reexamination Certificate for the '121 patent issued on December 14, 2010.  Vonage denies the remaining allegations of paragraph 25 of the Complaint.

26.     *The claims of the '121 Patent are valid and enforceable.*

26.     Vonage denies the allegations in paragraph 26 of the Complaint.

27.     *Defendant Vonage has infringed and is infringing at least claim 6 of the '121 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  See http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid-sub_nav how works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (see related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose.  Defendant Vonage has done so without authority and therefore has infringed the '121 Patent as set forth in 35 U.S.C. § 271.*

27.     Vonage admits that it is selling, offering to sell, and using VoIP products and/or services.  Vonage is not required to answer the remaining allegations in paragraph 27 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the remaining allegations in paragraph 27 of the Complaint.  In

addition, Vonage states that SPIPG's allegations fail to state a claim upon which relief may be granted.

## COUNT III

*INFRINGEMENT OF U.S. PATENT NO. 6,513,066*

*28.     SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.*

28.     Vonage restates and incorporates by reference its responses to the allegations of paragraphs 1 through 27 of the Complaint as though fully set forth herein.

*29.     On January 28, 2003, United States Patent No. 6,513,066 ("the '066 Patent"), entitled "ESTABLISHING A POINT-TO-POINT INTERNET COMMUNICATION" (Exhibit E), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '066 Patent, including the right to sue for past infringement.*

29.     Vonage admits that U.S. Patent No. 6,513,066 is entitled "Establishing a Point-to-Point Internet Communication" and issued on January 28, 2003.  Vonage admits that Exhibit E to the Complaint purports to be a copy of the '066 patent.  Vonage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and therefore denies them.

*30.     On November 23, 2010, an Ex Parte Reexamination Certificate (Exhibit F) duly and legally issued for the '066 Patent.*

30.     Vonage admits that Exhibit F to the Complaint purports to be a copy of an Ex Parte Reexamination Certificate for the '066 patent issued on November 23, 2010.  Vonage denies the remaining allegations of paragraph 30 of the Complaint.

*31.     The claims of the '066 Patent are valid and enforceable.*

31.     Vonage denies the allegations in paragraph 31 of the Complaint.

*32.     Defendant Vonage has infringed and is infringing at least claim 1 of the '066 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  See http://www.vonage-Com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (see related tabs for*

*"Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose.  Defendant Vonage has done so without authority and therefore has infringed the '066 Patent as set forth in 35 U.S.C. § 271.*

32.     Vonage admits that it is selling, offering to sell, and using VoIP products and/or services, and that it provides calling plans and support for VoIP products and services.  Vonage is not required to answer the remaining allegations in paragraph 27 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the remaining allegations in paragraph 32 of the Complaint.  In addition, Vonage states that SPIPG's allegations fail to state a claim upon which relief may be granted.

## **COUNT IV**

*INFRINGEMENT OF U.S. PATENT NO. 6,701,365*

*33. SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.*

33.     Vonage restates and incorporates by reference its responses to the allegations of paragraphs 1 through 32 of the Complaint as though fully set forth herein.

*34. On March 2, 2004, United States Patent No. 6,701,365 ("the '365 Patent"), entitled "POINT-TO-POINT INTERNET PROTOCOL" (Exhibit G), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '365 Patent, including the right to sue for past infringement.*

34.     Vonage admits that U.S. Patent No. 6,701,365 is entitled "Point-to-Point Internet Protocol" and issued on March 2, 2004.  Vonage admits that Exhibit G to the Complaint purports to be a copy of the '365 patent.  Vonage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint, and therefore denies them.

*35.  On August 3, 2010, an Ex Parte Reexamination Certificate (Exhibit H) duly and legally issued for the '365 Patent.*

35.     Vonage admits that Exhibit H to the Complaint purports to be an Ex Parte Reexamination Certificate for the '365 patent issued on August 3, 2010.  Vonage denies the remaining allegations of paragraph 35 of the Complaint.

*36.  The claims of the '365 Patent are valid and enforceable.*

36.     Vonage denies the allegations in paragraph 36 of the Complaint.

*37.  Defendant Vonage has infringed and is infringing at least claim 1 of the '365 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  See http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (see related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose.  Defendant Vonage has done so without authority and therefore has infringed the '365 Patent as set forth in 35 U.S.C. § 271.*

37.     Vonage admits that it is selling, offering to sell, and using VoIP products and/or services, and that it provides calling plans and support for VoIP products and services.  Vonage is not required to answer the remaining allegations in paragraph 37 of the Complaint because they purport to set forth legal conclusions.  To the extent an answer is required, Vonage denies the remaining allegations in paragraph 37 of the Complaint.  In addition, Vonage states that SPIPG's allegations fail to state a claim upon which relief may be granted.

## PLAINTIFF'S PRAYER FOR RELIEF

*WHEREFORE, Plaintiff prays that this Court:*

*(A)     Enter a judgment in favor of SPIPG that Defendant Vonage has infringed the Asserted Patents;*

*(B)     Enter an injunction prohibiting Vonage from making, using, selling, or offering for sale infringing products and/or services in the United States;*

*(C)     Award SPIPG damages in an amount sufficient to compensate SPIPG for Vonage's infringement of the Asserted Patents, but no less than a reasonable royalty, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;*

*(D)     Declare this case exceptional under 35 U.S.C. § 285 and award SPIPG its reasonable attorneys' fees, expenses and costs incurred in this action; and*

*(E)     Grant SPIPG such other and further relief as this Court may deem just and proper.*

38.     Vonage denies that it is liable for any relief requested in the Prayer for Relief.

39.     Vonage denies any allegation not specifically admitted, including any allegations in any headings.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Vonage has not infringed and is not infringing any claim of U.S. Patent Nos. 6,009,469; 6,131,121; 6,513,066; and 6,701,365 under any theory of infringement, including direct, contributory, or induced infringement.

### Second Affirmative Defense

One or more claims of U.S. Patent Nos. 6,009,469; 6,131,121; 6,513,066; and 6,701,365 are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

SPIPG's claim for injunctive relief is barred because SPIPG would not suffer irreparable harm.

### Fourth Affirmative Defense

SPIPG's patents are unenforceable against Vonage because of estoppel, laches, waiver, and/or other applicable equitable doctrines.

Respectfully submitted,

| Dated: December 30, 2013 | */s/  Craig C. Reilly*<br>Craig C. Reilly (VA Bar No. 20942)<br>craig.reilly@ccreillylaw.com<br>The Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br>Telephone: (703) 549-5354<br>Facsimile:  (703) 549-2604<br><br>*Of Counsel*:<br><br>Michael J. Summersgill<br>michael.summersgill@wilmerhale.com<br>Richard W. O'Neill<br>richard.o'neill@wilmerhale.com<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000<br><br>Grant K. Rowan<br>grant.rowan@wilmerhale.com<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006<br>Telephone:  (202) 663-6000<br>Facsimile:  (202) 663-6363<br><br>*Counsel  for Defendants Vonage Holdings Corp.,*<br>*Vonage America, Inc., and Vonage Marketing LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the December 30, 2013, a true and correct copy of the foregoing pleading or paper was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such electronic filing to the following:

Gregory N. Stillman
Hunton & Williams LLP
500 East Main St., Suite 1000
Norfolk, VA 23510

Sona Rewari
Hunton & Williams LLP
1751 Pinnacle Dr., Suite 1700
McLean, VA 22102

*Attorneys for Plaintiff Straight
Path IP Group, Inc.*

|  |  |
|---|---|
|  | */s/ Craig C. Reilly*<br>Craig C. Reilly (VA Bar No. 20942)<br>craig.reilly@ccreillylaw.com<br>The Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br>Telephone:  (703) 549-5354<br>Facsimile:   (703) 549-2604<br><br>*Counsel for Defendants Vonage Holdings<br>Corporation, Vonage America, Inc., and<br>Vonage Marketing LLC* |