**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| STRAIGHT PATH IP GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-CV-01366-LMB-TRJ |
| | ) | |
| VONAGE HOLDINGS CORP., | ) | Hon. Leonie M. Brinkema |
| VONAGE AMERICA, INC., AND | ) | Magistrate Thomas Rawles Jones, Jr. |
| VONAGE MARKETING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Straight Path IP Group, Inc. ("SPIPG") for its First Amended Complaint against

Defendants Vonage Holdings Corporation, Vonage America, Inc., and Vonage Marketing LLC

(collectively "Vonage" or "Defendants") alleges as follows:

**THE PARTIES**

1.      Plaintiff SPIPG is a Delaware corporation, with its principal place of business at

5300 Hickory Park Drive, Suite 218, Glen Allen, VA 23059.

2.      Defendant Vonage Holdings Corporation is a Delaware corporation with a

principal place of business at 23 Main Street, Holmdel, NJ 07733.

3.      Defendant Vonage America, Inc. is a Delaware corporation with a principal place

of business at 23 Main Street, Holmdel, NJ 07733.

4.      Defendant Vonage Marketing LLC is a Delaware limited liability company with

its principal place of business at 23 Main Street, Holmdel, NJ 07733.

5.      On information and belief, Vonage designs, develops, manufactures, and/or sells

voice over internet protocol ("VoIP") products and/or services in the United States, including

Virginia.    For example, Vonage sells VoIP products and services via its website

http://www.vonage.com/ and engages in national advertising regarding its products and services in a variety of mediums including television advertisement (the "Accused Products").  *See* related tabs for "Calling Plans" and "Features" at www.vonage.com.

6.     Since at least May 14, 2003, Vonage has provided VoIP products and services to residents of Norfolk, Virginia. *See* Vonage Digital Voice(SM) Launches Service in Norfolk, http://pr.vonage.com/releasedetail.cfm?releaseid=196104 (last visited Jan. 6, 2014).

7.     Since at least November 11, 2003 Vonage has provided products and services to residents of Richmond, Virginia. *See* Vonage® Launches Service in Richmond, Virginia, http://pr.vonage.com/releasedetail.cfm?ReleaseID=195772 (last visited Jan. 6, 2014).

8.     Vonage has acknowledged that one of five data centers located around the world that are involved in routing VoIP calls on the Vonage network is located in Ashburn, Virginia. D.12 n.4.

9.     Vonage has a permanent employee in Virginia.  D.12 n.4.

## JURISDICTION AND VENUE

10.    This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 *et seq*. and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283-285.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

12.    This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

## FACTUAL SUPPORT

13.     SPIPG is the assignee of United States Patent Nos. 6,009,469, 6,131,121, 6,513,066 and 6,701,365 (collectively, the "Asserted Patents").

14.     Verizon Services Corp. et al. asserted a patent infringement action against Vonage Holdings Corp. and Vonage America, Inc. in Case No. 1:06-cv-00682 (E.D. Va.).

15.     Case No. 1:06-cv-00682 (E.D. Va.) related to Vonage's "phone service over the Internet." Ex. 1 at 1873.

16.     On March 7, 2007, then counsel for Vonage Holdings Corp. et al. (Mr. Warin) argued that patents asserted by Verizon Services Corp. et al. were invalid.

17.     On March 7, 2007, Mr. Warin stated: "this is a diagram of who we believe the evidence clearly shows came up with the idea before the Bell Atlantic inventors. This is Mr. Jonas and his colleagues at Net2Phone, Net2Phone, a telephone company that was operating in the Internet space in the mid-'90s." Ex. 1 at 1899.

18.     On March 7, 2007, Mr. Warin stated: "Again, Net2Phone, company that's operating the Internet space in the mid-'90s, this is their patent application in 1995, and they're describing exactly what you saw with respect to name translation, a phone going over here to a database to locate Mary, then that phone address being connected back, and the phone call enabled as a result of that." Ex. 1 at 1900.

19.     The Asserted Patents were previously assigned to, *inter alia*, Net2Phone.

20.     On information and belief, as of at least March 7, 2007, Vonage was aware of patents assigned to Net2Phone, including the Asserted Patents.

21.     The Asserted Patents were previously litigated in *Net2Phone, Inc. v. eBay, Inc., et al.*, Civil Action No. 06-2469 (D.N.J.) ("Prior Litigation").

22.    In 2009, Skype, Inc. ("Skype"), one of the defendants in the Prior Litigation, requested that certain claims of the Asserted Patents be reexamined by the United States Patent and Trademark Office.

23.    During reexamination, the Examiner considered over one thousand cited references.

24.    During reexamination, the Examiner also considered Skype's submissions, including its brief in support of its request for *ex parte* reexamination, a supporting declaration, claim charts, its comments on Net2Phone's validity expert's opinions, and the parties' claim construction briefing from the prior litigation.

25.    The Examiner confirmed the validity of numerous claims of the Asserted Patents, many without any amendments, over all of the cited references and over all of Skype's submissions.

26.    The Asserted Patents were previously litigated in *Innovative Communications Technologies, Inc. v. Stalker Software Inc.*, Civil Action No. 2:12-cv-00009 (E.D. Va.), *Innovative Communications Technologies, Inc. v. Vivox Inc.*, Civil Action No. 2:12-cv-00007 (E.D. Va.), and/or *Innovative Communications Technologies, Inc. v. ooVoo LLC*, Civil Action No. 2:12-cv-00008 (E.D. Va.).

27.    Bandwidth.com, Inc. is accused of infringing U.S. Patent Nos. 6,513,066 and 6,701,365 in a case captioned *Straight Path IP Group, Inc. v. Bandwidth.com, Inc.*, Civil Action No. 1:13-CV-932 (E.D. Va.).

28.    Telesphere Networks Ltd. is accused of infringing U.S. Patent Nos. 6,513,066 and 6,701,365 in a case captioned *Straight Path IP Group, Inc. v. Telesphere Networks LTD*, Civil Action No. 1:13-CV-937 (E.D. Va.).

29.     Vocalocity, Inc. ("Vocalocity") is accused of infringing U.S. Patent Nos. 6,513,066 and 6,701,365 in a case captioned *Straight Path IP Group, Inc. v. Vocalocity, Inc.*, Case No. 3:13-cv-00504 (E.D. Va.).

30.     By order dated September 11, 2013, *Straight Path IP Group, Inc. v. Bandwidth.com, Inc.*, Civil Action No. 1:13-CV-932 (E.D. Va.); *Straight Path IP Group, Inc. v. Telesphere Networks LTD*, Civil Action No. 1:13-CV-937 (E.D. Va.) and *Straight Path IP Group, Inc. v. Vocalocity, Inc.*, Case No. 3:13-cv-00504 (E.D. Va.) were consolidated for all purposes.

31.     On November 15, 2013, Vonage Holdings Corp. completed its acquisition of Vocalocity, Inc. pursuant to the Agreement and Plan of Merger dated October 9, 2013. Ex. 2 at Item 2.01.

32.     On information and belief, Vonage performed due diligence before acquiring Vocalocity, Inc.

33.     On information and belief, Vonage had knowledge of the *Straight Path IP Group, Inc. v. Vocalocity, Inc.*, Case No. 3:13-cv-00504 (E.D. Va.) litigation and, at least as of the filing of this lawsuit, was aware of the Asserted Patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,009,469

34.     SPIPG incorporates paragraphs 1 through 33 as if fully set forth herein.

35.     On December 28, 1999, United States Patent No. 6,009,469 ("the '469 Patent"), entitled "GRAPHIC USER INTERFACE FOR INTERNET TELEPHONY APPLICATION" (D.1 Exhibit A), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '469 Patent, including the right to sue for past infringement.

36.     On May 10, 2011, an Ex Parte Reexamination Certificate (D.1 Exhibit B) duly and legally issued for the '469 Patent.

37.     The claims of the '469 Patent are valid and enforceable.

38.     Vonage has directly infringed and is directly infringing at least claim 5 of the '469 Patent with the Accused Products.

39.     On information and belief, Vonage acquired actual knowledge of the '469 Patent before this lawsuit was filed.

40.     Vonage has knowingly instructed its customers to use the Accused Products and thereby induced its customers to use the Accused Products.  *See* related tabs for "Calling Plans" and "Support" at www.vonage.com.

41.     Vonage specifically intended for its customers to use the Accused Products and thereby infringe the '469 Patent.  (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com).

42.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were solely designed to implement VoIP communications to facilitate point-to-point communication as taught by the '469 Patent and have no substantial non-infringing uses.

43.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringes the '469 Patent. *See* related tabs for "Calling Plans" and "Features" at www.vonage.com.

44.     On information and belief, Vonage's customers used the Accused Products consistent with Vonage's instructions for use, and have directly infringed the '469 Patent.

45.     Vonage has done so without authority and therefore has infringed the '469 Patent as set forth in 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,131,121

46.     SPIPG incorporates paragraphs 1 through 33 as if fully set forth herein.

47.     On October 10, 2000, United States Patent No. 6,131,121 ("the '121 Patent"), entitled "POINT-TO-POINT COMPUTER NETWORK COMMUNICATION UTILITY UTILIZING DYNAMICALLY ASSIGNED NETWORK PROTOCOL ADDRESSES" (D.1 Exhibit C), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '121 Patent, including the right to sue for past infringement.

48.     On information and belief, Vonage acquired actual knowledge of the '121 Patent before this lawsuit was filed.

49.     On December 14, 2010, an Ex Parte Reexamination Certificate (D.1 Exhibit D) duly and legally issued for the '121 Patent.

50.     The claims of the '121 Patent are valid and enforceable.

51.     Vonage has directly infringed and is directly infringing at least claim 6 of the '121 Patent with the Accused Products.

52.     On information and belief, Vonage acquired actual knowledge of the '121 Patent before this lawsuit was filed.

53.      Vonage has knowingly instructed its customers to use the Accused Products and thereby induced its customers to use the Accused Products.  *See* related tabs for "Calling Plans" and "Support" at www.vonage.com.

54.      Vonage specifically intended for its customers to use the Accused Products and thereby infringe the '121 Patent.  (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com).

55.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were solely designed to implement VoIP communications to facilitate point-to-point communication as taught by the '121 Patent and have no substantial non-infringing uses.

56.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringes the '121 Patent. *See* related tabs for "Calling Plans" and "Features" at www.vonage.com.

57.     On information and belief, Vonage's customers used the Accused Products consistent with Vonage's instructions for use, and have directly infringed the '121 Patent.

58.     Vonage has done so without authority and therefore has infringed the '121 Patent as set forth in 35 U.S.C. § 271.


## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,513,066

59.     SPIPG incorporates paragraphs 1 through 33 as if fully set forth herein.

60.     On January 28, 2003, United States Patent No. 6,513,066 ("the '066 Patent"), entitled "ESTABLISHING A POINT-TO-POINT INTERNET COMMUNICATION" (D.1 Exhibit E), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '066 Patent, including the right to sue for past infringement.

61.     On information and belief, Vonage acquired actual knowledge of the '066 Patent on or before March 7, 2007.

62.     On November 23, 2010, an Ex Parte Reexamination Certificate (D.1 Exhibit F) duly and legally issued for the '066 Patent.

63.     The claims of the '066 Patent are valid and enforceable.

64.     Vonage has directly infringed and is directly infringing at least claim 1 of the '066 Patent with the Accused Products.

65.     On information and belief, Vonage acquired actual knowledge of the '066 Patent before this lawsuit was filed.

66.      Vonage has knowingly instructed its customers to use the Accused Products and thereby induced its customers to use the Accused Products.  *See* related tabs for "Calling Plans" and "Support" at www.vonage.com.

67.      Vonage specifically intended for its customers to use the Accused Products and thereby infringe the '066 Patent.  (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com).

68.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were solely designed to implement VoIP communications to facilitate point-to-point communication as taught by the '066 Patent and have no substantial non-infringing uses.

69.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringes the '066 Patent. *See* related tabs for "Calling Plans" and "Features" at www.vonage.com.

On information and belief, Vonage's customers used the Accused Products consistent with Vonage's instructions for use, and have directly infringed the '066 Patent.

70.     Vonage has done so without authority and therefore has infringed the '066 Patent as set forth in 35 U.S.C. § 271.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,701,365

71.     SPIPG incorporates paragraphs 1 through 33 as if fully set forth herein.

72.     On March 2, 2004, United States Patent No. 6,701,365 ("the '365 Patent"), entitled "POINT-TO-POINT INTERNET PROTOCOL" (D.1 Exhibit G), duly and legally issued.  SPIPG owns all rights, title, and interest in and to the '365 Patent, including the right to sue for past infringement.

73.     On information and belief, Vonage acquired actual knowledge of the '365 Patent on or before March 7, 2007.

74.     On August 3, 2010, an Ex Parte Reexamination Certificate (D.1 Exhibit H) duly and legally issued for the '365 Patent.

75.     The claims of the '365 Patent are valid and enforceable.

76.     Vonage has directly infringed and is directly infringing at least claim 1 of the '365 Patent with the Accused Products.

77.     On information and belief, Vonage acquired actual knowledge of the '365 Patent before this lawsuit was filed.

78.      Vonage has knowingly instructed its customers to use the Accused Products and thereby induced its customers to use the Accused Products.  *See* related tabs for "Calling Plans" and "Support" at www.vonage.com.

79.      Vonage specifically intended for its customers to use the Accused Products and thereby infringe the '365 Patent.  (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com).

80.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were solely designed to implement VoIP communications to facilitate point-to-point communication as taught by the '365 Patent and have no substantial non-infringing uses.

81.     Prior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringes the '365 Patent. *See* related tabs for "Calling Plans" and "Features" at www.vonage.com.

82.     On information and belief, Vonage's customers used the Accused Products consistent with Vonage's instructions for use, and have directly infringed the '365 Patent.

83.     Vonage has done so without authority and therefore has infringed the '365 Patent as set forth in 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A)     Enter a judgment in favor of SPIPG that Vonage has directly infringed, induced infringement and contributed to infringement of the Asserted Patents;

(B)     Enter an injunction prohibiting Vonage from making, using, selling, or offering for sale infringing products and/or services in the United States;

(C)     Award SPIPG damages in an amount sufficient to compensate SPIPG for Vonage's infringement of the Asserted Patents, but no less than a reasonable royalty, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

(D)     Declare this case exceptional under 35 U.S.C. § 285 and award SPIPG its reasonable attorneys' fees, expenses and costs incurred in this action; and

(E)     Grant SPIPG such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, SPIPG respectfully demands a trial by jury on all issues

properly triable by a jury in this action.

Dated:  January 7, 2013                Respectfully submitted,

STRAIGHT PATH IP GROUP, INC.

    /s/_____

Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Phone: (703) 714-7512
Fax.: (703) 918-4018
*srewari@hunton.com*

*Counsel for Straight Path IP Group, Inc.*

Of Counsel:
David K. Callahan, P.C.
Alicia L. Shah
P. Daniel Bond
Archit P. Shah
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone:  (312) 862-2000
Facsimile:  (312) 862-2200
david.callahan@kirkland.com
alicia.shah@kirkland.com
daniel.bond@kirkland.com
archit.shah@kirkland.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

STRAIGHT PATH IP GROUP, INC.,     )
                                            )
       Plaintiff,                )
                                            )
     vs.                      )     Case No. 1:13-CV-01366-LMB-TRJ
                                            )
VONAGE HOLDINGS CORP.,        )     Hon. Leonie M. Brinkema
VONAGE AMERICA, INC., AND     )     Magistrate Thomas Rawles Jones, Jr.
VONAGE MARKETING LLC,        )
                                            )
       Defendants.            )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of January, 2014, a true and correct copy of

Plaintiff Straight Path IP Group's First Amended Complaint for Patent Infringement was

electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to all attorneys of record.

/s/ Sona Rewari
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia  22102
Tel.: (703) 714-7512
Fax.: (703) 918-4018
Email: srewari@hunton.com