**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

STRAIGHT PATH IP GROUP, INC.

                              Plaintiff,

vs.                                                     Case No. 1:13-cv-1366-LMB-TRJ

VONAGE HOLDINGS CORP.,
VONAGE AMERICA, INC., and
VONAGE MARKETING LLC,

                              Defendants.

**REPLY MEMORANDUM IN SUPPORT OF VONAGE'S
MOTION TO TRANSFER VENUE**

1

## I.     Introduction

As Vonage explained in its opening brief, there is no meaningful connection between this District and the present litigation.  Therefore, this case should be transferred to the District of New Jersey—where all of the parties have long maintained offices, where the vast majority of relevant witnesses work and reside (including Straight Path's CEO and CFO), where nearly all of the documents related to this case were created and are maintained, and where the patents-in-suit were litigated for four years by Straight Path's predecessor (in *Net2Phone, Inc. v. eBay, Inc. et al.*, No. 06-cv-2469 (D.N.J.)).

Straight Path's attempts to avoid transfer have no merit.  Its own purported connection to Virginia depends entirely on one employee (not identified in its website or security filings) who now claims to work from the office in Glen Allen that Straight Path opened only seven months before filing this suit—while its other two employees (its CEO and CFO) admittedly continue to work from Straight Path's *New Jersey* office.  Unable to justify venue in this District based on its new Glen Allen office, and having failed to identify any activities relevant to this litigation that its Glen Allen employee supposedly performs in Virginia, Straight Path instead attempts to shift the focus away from those shortcomings by accusing WilmerHale's IP Litigation Case Manager, Lanta Chase, of "negligent" or perhaps even "intentional" errors in her declaration.  But Straight Path's own admissions and photographs confirm, just as Ms. Chase observed, that Straight Path's alleged Glen Allen "headquarters" is a small, nearly empty space that it shares with a law firm.  Therefore, consistent with this Court's finding in October 2012, Straight Path has "tenuous" and "negligible" contacts with this District that preclude it from trying to claim Virginia as its new "home forum."

Nor can Straight Path support its claims that Vonage has "extensive" ties to this District. The undisputed facts show that Vonage has no offices in Virginia, and has just one employee based in Virginia, whose sole role is to maintain a data center that Vonage leases. None of the Vonage witnesses with information relevant to this litigation work in Virginia; rather, nearly all of them work and reside in New Jersey, where most of the Vonage documents related to this litigation were created and are maintained.

Finally, unable to justify venue based on connections between this District and *this litigation*, Straight Path contends that transfer is not warranted based on *other litigations*. For example, Straight Path points to a prior litigation that Verizon Services Corporation ("Verizon") brought against Vonage in this District that Vonage did not seek to transfer—because, unlike Straight Path, Verizon is actually based in Virginia. Straight Path also points to the litigations that it recently filed against other defendants in this District, but those proceedings involve different case schedules, only some of the asserted patents, and different accused products. By contrast, the District of New Jersey already has a long and developed history with all of the asserted patents, following a four-year dispute that the prior owner of the asserted patents initiated and litigated in New Jersey.

Vonage respectfully submits that the Court should transfer this case to New Jersey.

**II.   Argument**

    **A.   New Jersey Is The Proper Forum.**

The undisputed facts show that New Jersey is the true locus of this case, and a far more convenient forum for the parties and likely witnesses. Straight Path's opposition brief fails to show otherwise.

It is now undisputed that: (i) Vonage designed and developed its accused Voice over Internet Protocol ("VoIP") system at its New Jersey headquarters (Dkt. 13 ("Mayernik Decl."),

¶¶ 6, 19); (ii) Vonage markets and sells its VoIP services from its New Jersey Headquarters (*id.*); (iii) Vonage maintains nearly all of its documents at its headquarters in New Jersey, including documents relating to the design, operation, marketing, and sale of its accused VoIP products and services (*id.* ¶ 19); and (iv) the vast majority of Vonage's employees, including nearly all of its executives and engineers, and those Vonage identified as having relevant knowledge regarding the issues in this case, work at Vonage's New Jersey headquarters (*id.* at ¶ 9). As Vonage explained in its opening brief, these facts weigh strongly in favor of transfer. (Dkt. 12 ("Vonage Br.") at 12.)

The undisputed record also confirms that Straight Path and the patents-in-suit have strong connections to New Jersey. Straight Path admits that two of its three employees—its CEO and CFO—work in New Jersey. (Dkt. 22-1 ("Cantor Decl."), ¶ 19 ("CEO Davidi Jonas and CFO Jonathan Rand operate largely from STRP's offices in Englewood Cliffs [New Jersey].").) Straight Path also does not dispute that ***all of the asserted patents*** were litigated extensively in the District of New Jersey ***for over four years***—confirming that judges in New Jersey have working knowledge of the asserted patents. And Straight Path's former parent, IDT Corporation—whose employees are likely to be relevant third party witnesses—is also based in New Jersey. (Dkt. 22 ("Opp'n"), Ex. 11 at 3.)

Straight Path is thus wrong that transferring this action to New Jersey would merely "shift the balance of inconvenience" for witnesses. (Opp'n at 10.) Rather, it would be far more convenient for nearly all likely witnesses (for both parties and relevant third parties) if this case is transferred to New Jersey. *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) (transferring to district where numerous potential witnesses were located

when the plaintiff did not identify "a single non-party witness in or near the Eastern District of Virginia.").

At bottom, the undisputed facts show that New Jersey is a far more convenient forum for this case, and that Straight Path is attempting to manipulate venue to avail itself of this Court's "rocket docket." This Court has consistently found that such attempts to forum shop are against the interest of justice and weigh strongly in favor of transferring the case to a forum with a real connection to the case. *See Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000) ("This Court cannot stand as a willing repository for cases which have no real nexus to this district.") (citation omitted); *see also Pragmatus*, 769 F. Supp. 2d at 997 (warning that "[l]eft unchecked, allowing lawsuits with such a minimal connection to the district to go forward here would result in docket overloads, unfairly slowing the cases for parties with genuine connections to this district"). That same result should apply here.

**B.     Straight Path Does Not Have Sufficient Contacts With Virginia To Claim This District As Its Home Forum.**

Straight Path's response confirms that it lacks sufficient contacts to justify venue in this District—consistent with this Court's express finding in late 2012, that Straight Path's immediate predecessor (ICTI) had a "tenuous" and "negligible" connection to Virginia and this District. (Dkt. 15 ("Coviello Decl."), Ex. 3 [10/2/12 Order] at 7-8.) Straight Path now argues, on nearly identical facts, that Virginia is Straight Path's "home court." (Opp'n at 9.) But the undisputed facts show otherwise.

*First*, Straight Path cannot rely on the purported connections between Straight Path Spectrum, Inc. ("SPSI") and Virginia to establish proper venue here. (Opp'n at 4 n.4.) SPSI is a different company than the plaintiff (Straight Path IP Group, Inc.), and is involved in a different business of spectrum licensing. (Cantor Decl., ¶ 1.) SPSI's purported motivation for opening an

4

office in Virginia is thus irrelevant to the transfer analysis. Moreover, Straight Path's claim that it (and SPSI) located their headquarters in Virginia as a result of SPSI's acquisition of wireless spectrum rights *in 2001*, is belied by the fact that SPSI's and Straight Path's predecessors all continued to operate *from New Jersey for more than a decade* after acquiring those rights. (Coviello Decl., Ex. 4 [Straight Path 10-K] at 1-2.) The only thing that changed over that decade—and the apparent reason for Straight Path's sudden move to Virginia—was Straight Path's desire to bring patent suits in this District.

*Second*, Straight Path's inappropriate and incorrect suggestion (Opp'n at 3, 7) that Ms. Chase made "negligent" or even "intentional" errors in her declaration is disproved by Straight Path's own admissions and photo exhibits—which confirm that Straight Path's presence in Virginia is negligible. Ms. Chase's declaration described her observations that Straight Path's alleged "headquarters" appeared to consist of a single room that was part of space shared with the law firm of Cantor & Cantor, and that had no separate mailbox. (Vonage Br. at 4; Dkt. 14 ("Chase Decl."), ¶¶ 2-5.) Straight Path's own brief confirms her observations: Straight Path admits that it shares office space with that law firm (Opp'n at 7), admits that no mailbox bears its name or suite number (*id.*), and admits that the single room visible from the public hallway—the room *marked with the Straight Path logo*—was, in fact, "unlit and empty" during Ms. Chase's visit (Cantor Decl., ¶¶ 7-8).

  

(Second Decl. of Lanta Chase in Support of Vonage's Mot. to Transfer ("Second Chase Decl."), ¶ 3, Ex. A (photos taken from public hallway on November 26, 2013).)

5

Even accepting all of Straight Path's allegations, its alleged "headquarters" consist of two rooms that it rents for $800 a month—rooms that its own photographs confirm are starkly furnished with empty shelves, that serve as the base of operations for a single employee who claims to be working simultaneously for two corporate entities other than Straight Path, and that, by its own admission, is *not* the base of operations for its CEO and CFO. (Cantor Decl., ¶ 19 ("CEO Davidi Jonas and CFO Jonathan Rand operate largely from STRP's offices in Englewood Cliffs [New Jersey].").) Such a "headquarters" does not constitute a sufficient presence to show that this District is Straight Path's "home forum."

Indeed, the only support for Straight Path's claim that it "operates primarily" in Virginia is the declaration of Mr. Cantor—which fails to identify any specific business activities that he (or anyone else) purportedly conducts from the office that are unrelated to the enforcement of intellectual property rights. That lack of relevant business activity precludes Straight Path from claiming this District as its "home" forum for litigation. *See CIVIX-DDI, LLC v. Loopnet, Inc.*, No. 12-cv-2, 2012 WL 3776688, at *3 (E.D. Va. Aug. 30, 2012) (plaintiff's forum given little weight because its "only business is the enforcement of its intellectual property rights," and because it "has no manufacturing facilities, operations, offices, or employees that are located in this district besides its principal . . . who owns a home in Alexandria, Virginia"); *Pragmatus*, 769 F. Supp. 2d at 995 (granting transfer where the plaintiff did not "research and develop new technology but rather acquires patents, licenses the technology, and sues alleged infringers").[1]

---

[1] In fact, Straight Path does not identify *any* knowledge that Mr. Cantor has that is even potentially relevant to the issues in this case. Mr. Cantor's description of his personal civic and recreational activities in Virginia (e.g., serving as a school board member and a 5k road race) (Cantor Decl. ¶ 13), are irrelevant to whether *Straight Path* has any meaningful connections to this District. *See Pragmatus*, 769 F. Supp. 2d at 995 (granting Defendants' motion to transfer where plaintiff's one employee in this District "is a co-owner who has owned a home in Alexandria since 2007").

*Third*, the lack of relevant connections between Straight Path and Virginia is further confirmed by Straight Path's failure to identify a single relevant document that it maintains in Virginia. This is consistent with the bare office shelves shown in the photographs that Ms. Chase and Mr. Cantor both attached to their respective declarations. (Cantor Decl., Ex. 1-B; Chase Decl., Ex. A; Chase Second Decl., Ex. A.) Indeed, in its Initial Disclosures in a separate litigation, Straight Path indicated that it will be producing its relevant documents in Chicago, where Straight Path's counsel is located. (Opp'n, Ex. 11 at 4.)

*Fourth*, Straight Path ignores that it has chosen to litigate the asserted patents in multiple other fora, including the Eastern District of Texas and the International Trade Commission. (Coviello Decl., Ex. 4 [Straight Path 10-K] at 17-18.) It ignores those facts because they confirm that even Straight Path does not view this District as the most convenient forum to litigate the asserted patents.

Unable to show a significant connection to Virginia, Straight Path ultimately resorts to arguing that "the importance of a local nexus is somewhat diminished" in patent cases. (Opp'n at 10 n.7.) That is wrong as a matter of law. The Federal Circuit and this District have repeatedly relied on the lack of a strong "local nexus" to transfer patent litigation to jurisdictions with stronger meaningful local connections. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003) ("[I]f there is little connection between the claims and [the chosen forum], that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts."); *see also Pragmatus*, 769 F. Supp. 2d at 995 (granting the defendants' motion to transfer where the plaintiff's connection to this District was tenuous); *see also In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (transferring the action to the District with a "localized interest").

In sum, just months before Straight Path was formed, Judge Doumar concluded that Straight Path's predecessor had a "tenuous" and "negligible" presence in Virginia, and that this District "probably should not be considered Plaintiff's home forum." (Coviello Decl., Ex. 3 [10/2/12 Order] at 7-8.) The undisputed facts in this case compel the same conclusion.

### C. Vonage Does Not Have Sufficient Contacts With Virginia To Justify Venue Here Instead of New Jersey.

In its opening brief, Vonage explained that its lack of connection to Virginia makes this District an inconvenient forum for Vonage and its likely witnesses. (Vonage Br. at 5-6, 11-12.) Straight Path has responded with the extraordinary claim that Vonage actually has "extensive" ties to Virginia (Opp'n at 3), but the undisputed facts show otherwise.

*First*, Straight Path is wrong that this district would be a convenient forum for Vonage because it "maintains full-time *employees* in this District." (Opp. Br. at 9 (emphasis added).) As Vonage stated in its opening brief, only __1__ of Vonage's __886__ employees works in Virginia. (Vonage Br. at 6 n.4; Mayernik Decl., ¶¶ 18, 20.) And this employee, Mr. An Ong, does not have information relevant to this litigation; he merely runs cable to support Vonage equipment and installs and performs routine maintenance as needed on the servers that route calls on the Vonage network. (Second Decl. of Mike Mayernik in Support of Vonage's Mot. to Transfer ("Second Mayernik Decl."), ¶ 4.) Straight Path also ignores that nearly all of the Vonage employees likely to have knowledge relevant to this case reside in New Jersey—and none reside in Virginia. (Mayernik Decl. ¶¶ 9-15, 18.)

*Second*, contrary to Straight Path's unfounded assumptions, there is no relevant information in Vonage's leased Virginia data center that is not located at Vonage's New Jersey

headquarters.  Vonage merely uses the data center for call routing[2] and ***back-up*** storage that is accessed from Vonage's New Jersey headquarters.  The ***original*** technical information describing the function and operation of the accused products and services is located in Vonage's New Jersey headquarters, where Vonage designs, sells, and manages the accused products and services.  (Mayernik Decl., ¶ 19.)  Moreover, Straight Path cannot oppose transfer by arguing that the data center in Virginia "likely contains discoverable electronic information" (Opp'n at 2), while at the same time arguing that the location of electronic documents is "irrelevant" to a transfer analysis (*id.* at 11).

  ***Third***, Straight Path cannot support venue here by arguing that Vonage "does business in Virginia."  (Opp'n at 5.)  It is well settled that when the accused products are sold throughout the United States (as in this case), sales in the plaintiff's chosen venue do not weigh against transfer. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (granting writ of mandamus and ordering transfer of case from forum where accused product was sold to forum where the majority of witnesses resided); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (same).  This District has consistently granted transfer motions where, as here, the only real connection to the District is sales of allegedly infringing products.  *See, e.g.*, *NanoEnTek, Inc. v. Bio-Rad Labs. Inc.*, No. 11-cv-427, 2011 WL 6023189, at *3 (E.D. Va. Dec. 2, 2011) ("Mere sales and marketing activity does not entitle [Plaintiffs'] choice of forum to substantial weight when none of the infringing products were developed or produced in this District."); *Original Creatine Patent Co. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) ("As the defendant distributes its product nationwide, it appears that under the plaintiff's

---

[2] Straight Path has not identified any reason why the physical servers located in Virginia will be relevant to any issue in this case.  The documents that describe how those servers work and route calls, and nearly all of the employees that designed the operation of those servers, are located at Vonage's headquarters in New Jersey.  (Mayernik Decl., ¶¶ 6, 9, 19, 20.)

rationale, venue would be appropriate in districts throughout the country . . . . [That] would undermine the emphasis on convenience of the parties and of potential witnesses.").

*Fourth*, Straight Path argues that Vonage has "strong" ties to this District because it did not move to transfer venue in a different litigation that did not even involve Straight Path or any of the patents-in-suit: *Verizon Services Corp., et al. v. Vonage Holdings Corp., et al.*, No. 06-cv-682 (E.D. Va. 2006). But there the plaintiff, Verizon Services Corporation—based in Arlington, Virginia—had a substantial presence in this District and seven of the named inventors on the patents-in-suit "reside[d] in or near this Judicial District." (Second Coviello Decl., Ex. 1 [Verizon Amended Complaint].) By contrast, Straight Path has merely attempted to manufacture a presence in this District to avail itself of this Court's fast-paced docket. Straight Path cannot demand to litigate in this forum simply because Vonage did not contest proper venue when sued here on different patents by a different company with a substantial presence in Virginia.[3]

Unable to dispute that the majority of Vonage's witnesses and documents are located at Vonage's headquarters in New Jersey, or that the accused systems were designed and developed in New Jersey, Straight Path asserts that the inconvenience of litigating in Virginia, rather than New Jersey, is "insufficient as a matter of law." (Opp'n at 10-11.) That is wrong. Courts in this District have repeatedly held that the inconvenience to witnesses forced to litigate in this District is of "considerable importance" and "***often dispositive***" in favor of transfer to a less inconvenient jurisdiction. *See Koh*, 250 F. Supp. 2d at 636 ("Witness convenience is often dispositive in transfer decisions.") (citation omitted); *JTH Tax, Inc. v. Callahan*, No. 12-cv-691, 2013 WL

---

[3] After the *Verizon* case, Vonage moved to transfer a different case out of this District where, as here, the plaintiff had no genuine connection to this forum. *See Bear Creek Techs., Inc. v. RCN Corp. et al.*, No. 11-cv-103, Dkts. 144-46. (The Court did not decide Vonage's motion to transfer because it determined that Vonage was not properly joined under Rule 20(a). *See Bear Creek Techs., Inc. v. RCN Corp. et al.*, No. 11-cv-103, Dkt. 348.) Straight Path does not mention that case or motion in its brief.

3035279, at *3 (E.D. Va. June 6, 2013) ("The convenience of the witnesses is of considerable importance in determining whether a transfer of venue is appropriate under Section 1404(a).") (citation omitted); *Pragmatus*, 769 F. Supp. 2d at 996 (transferring to district where numerous potential witnesses were located when no non-party witnesses were located in this District).[4]

### D. Straight Path's Other Cases In This District Are Not A Basis To Avoid Transfer.

Straight Path is also wrong to argue that its other actions pending in this District (involving some of the same asserted patents) provide a basis to deny transfer. (Opp'n at 14-15.) Indeed, this Court has transferred actions having no substantial connection to this District, even though pending actions in this District involved the same patent. *See*, *e.g.*, *Dietgoal Innovations, LLC v. Sweetgreen, Inc.*, No. 13-cv-400, Dkt. 20 (E.D. Va. Dec. 12, 2013) (transferring case out of this District despite other pending cases involving the same asserted patent). Straight Path ignores this precedent.

Nor can Straight Path claim that issues of judicial economy weigh against transfer. Straight Path's other cases in this District are months ahead of this case, involve only two of the four patents asserted here, and involve different defendants and accused products. (Vonage Br. at 15). Given these different case schedules, different patents, and different products, there would be little to be gained from keeping this case in this District. The parties would require separate discovery and separate claim construction proceedings, even absent transfer.[5]

---

[4] Straight Path contends that "there is no need for Vonage employees to travel because [Straight Path] will go to New Jersey to take depositions" (Opp. Br. at 12), but that argument overlooks that these same employees will require lengthy travel to Virginia for at least trial.

[5] Straight Path's reliance on the *Triangle Software* case is thus misplaced because that case involved a motion to sever and transfer where the cases were already on the same schedule. *Triangle Software, LLC. v. Garmin Int'l, Inc.*, No. 10-cv-1457, 2011 WL 10618731, at *2 (E.D. Va. June 20, 2011) (denying transfer, in part, because it would require separate claim construction and discovery proceedings).

Straight Path is also wrong that Vonage should be forced to litigate in this District because Vocalocity, Inc. ("Vocalocity")—which Vonage acquired in November 2013—did not contest venue in an action that Straight Path filed in August 2013. (Opp'n at 6.) As Straight Path admits, Vonage did not acquire Vocalocity until over three months after Vocalocity was sued. (*Id*.) Moreover, Vocalocity's accused products are different from the Vonage accused products, which were designed and developed by different people working at a different company. Vonage should not be forced to litigate an action with no meaningful connections to this District simply because it acquired a company that previously did not contest venue in this District.[6]

Indeed, to the extent that prior litigations are relevant to this Court's transfer inquiry, they weigh in favor of transfer to the District of New Jersey—where the prior owner of the patents-in-suit litigated those same patents over a four-year period, resulting in an extensive court record. (Vonage Br. at 7.) Straight Path does not even attempt to explain how judicial economy favors ignoring that lengthy existing record involving all of the asserted patents, simply because Straight Path recently filed other cases in this District against other defendants involving only some of the asserted patents.

---

[6]  Straight Path also is incorrect that, because Vonage acquired Vocalocity, Vonage is "already a defendant in this District." (Opp'n at 14.) That is wrong as a matter of fact and law. Vocalocity remains a separate corporate entity. (Second Coviello Decl., Ex. 2 [Vonage 8-K Excerpt] at 2.)

12

### III.     Conclusion

For the foregoing reasons, and those set forth in its opening brief, Vonage respectfully requests that the Court transfer this case to the District of New Jersey.

Respectfully submitted,

Dated:  January 9, 2014                         */s/  Craig C. Reilly*
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile:  (703) 549-2604

*Of Counsel*:

Michael J. Summersgill
michael.summersgill@wilmerhale.com
Richard W. O'Neill
richard.o'neill@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Grant K. Rowan
grant.rowan@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Counsel  for Defendants Vonage Holdings Corp.,
Vonage America, Inc., and Vonage Marketing LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the January 9, 2014, a true and correct copy of the foregoing pleading or paper was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such electronic filing to the following:

Gregory N. Stillman
Hunton & Williams LLP
500 East Main St., Suite 1000
Norfolk, VA 23510

Sona Rewari
Hunton & Williams LLP
1751 Pinnacle Dr., Suite 1700
McLean, VA 22102

*Attorneys for Plaintiff Straight Path IP Group, Inc.*

/s/ Craig C. Reilly
Craig C. Reilly (VA Bar No. 20942)
craig.reilly@ccreillylaw.com
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone:  (703) 549-5354
Facsimile:   (703) 549-2604

*Counsel for Defendants Vonage Holdings Corporation, Vonage America, Inc., and Vonage Marketing LLC*